J. J. BOONE et al. v. JAMES B. LEWIS.

*Wills, Witness to—The Code,* § 2147.

1. A witness to a will assumes a serious duty and legal relation thereto, *necessary* to its validity if there be but two witnesses, and an *important* one, however many there may be. The witness cannot rid himself of this duty for any cause, at his will and pleasure, certainly not without the testator's consent, given in his life-time. Having subscribed as a witness, he is held by the law to such relation and the legal consequences of it.

2. To be held as a witness to a will it is essential that the subscriber consent to be such, and that he sign in the presence of the testator.

3. Where one signs his name on a will in the place where the subscribing witnesses usually sign, there is a presumption that he signed as a subscribing witness, but the contrary may be shown.

4. Where there was written, at the bottom of a will, "Witness, A B, C + D, E F," and E F was a devisee in the will: *Held,* that it was competent to show that E F signed as a witness to the mark of C D, and did not sign in the presence of the testator, or, at his request, become a subscribing witness to the will itself.

    (his ... mark.)

5. One who signs his name on a will in the place where subscribing witnesses usually sign, is not deprived of benefits conferred upon him by the will, if he, in fact, did not sign as a subscribing witness. *The Code,* § 2147.

CIVIL ACTION, to recover land, heard before *MacRae, J.,* at January Term, 1889, of HALIFAX Superior Court.

The plaintiffs, other than J. J. Boone, are the heirs-at-law of Hardy Carlisle, who died in 1871. leaving a last will and testament, which was duly proven, in and by which he devised to his wife, who survived him, the land, the subject of this action, for her life, and the remainder thereof in fee to the defendant. The life tenant having died, the defendant took and had possession of the land at and before the

bringing of this action, and refused to give possession thereof to the plaintiffs, upon demand for the same.

The following is a copy of so much of the will mentioned as is necessary to set forth here:

" Witness, my hand and seal, this 7th day of January, 1871.

" HARDY $\overset{\text{his}}{+}$ CARLISLE.
mark.

" Witness:    W. H. JONES.

DAVID $\overset{\text{his}}{+}$ LEWIS.
mark.

JAMES B. LEWIS."

The plaintiffs allege that the defendant is the same James B. Lewis who purported to be one and the third in order of the subscribing witnesses to this will, and insist that, therefore, the devise to him is void under the statute (*The Code*, § 2147).

On the trial the defendant introduced one W. H. Jones, who testified that the will of Hardy Carlisle was written by him.

The defendant then offered to prove, by this witness, that witness and David Lewis signed the will of Hardy Carlisle, as witnesses, in the presence of the testator; that the witness, seeing that David Lewis had signed by making his cross-mark, said it was necessary to have a witness to that cross-mark, and called upon the defendant to sign as a witness to David Lewis' cross-mark, and James B. Lewis, the defendant, signed the paper for that purpose only; that the testator did not request J. B. Lewis to witness his will, but did request W. H. Jones and David Lewis to do so, and that J. B. Lewis did not testify on the probate of said will.

Plaintiff objected; objection sustained, and evidence excluded. Defendant excepted.

There was a verdict and judgment for the plaintiffs.

The defendant appealed.

*Messrs. W. H. Day* and *T. N. Hill*, for the plaintiffs.
*Mr. R. O. Burton*, for the defendant.

MERRIMON, J. The statute (*The Code*, § 2147) provides that " if any person shall attest the execution of any will, to whom, or to whose wife or husband, any beneficial devise, estate, interest, legacy, or appointment of or affecting any real or personal estate, shall be thereby given or made, such devise, estate, interest, legacy, or appointment shall, so far only as concerns such person attesting the execution of such will, or the wife or husband of such person, or any person claiming under such person, or wife or husband, be void; and such person so attesting shall be admitted to prove the execution of such will, or the validity or invalidity thereof."

The obvious purpose of this provision is to prevent incentive to perjury, and ineligibility and incompetency of witnesses of wills, by reason of interest, who consented and undertook to be such at the time the will was executed. Such a witness, in all respects eligible. assumes a serious duty and a legal relation to the will, necessary to its validity, if there be but two witnesses to it, and an important one, however many there may be, that he cannot cast off and rid himself of, for any cause, at his will and pleasure; certainly not, unless he shall do so with the consent of the maker of the will in his life-time. The statute (*The Code*, § 2136) prescribes that all wills to be proven by attesting witnesses shall be " subscribed in his (the maker's) presence by two witnesses at least," &c. Thus it is made essential to have such witnesses—they consent to be, and subscribe the will in the presence of the maker for all proper legal purposes in that connection. They thus become identified with the will, and the law justly holds them to such relation, and the legal consequences of it. Otherwise, a witness might defeat it, after he had consented to witness, and had witnessed, its execution.

But such relation with the will must, indeed, exist—the witness must have consented to be, and must have subscribed to the will as a witness thereof in the presence of the maker of it.   Otherwise, the subscriber is no such witness.   It is not sufficient that the subscriber carelessly, or for some other purpose, wrote his name at or about the place where such witnesses usually subscribe their names, although, if he should do so, there might arise a presumption of fact, nothing to the contrary appearing, that he intended to become a witness.

There is neither principle nor statutory provision that, necessarily, makes a person a witness to a will *merely* because he subscribed his name in the place where such witnesses usually subscribe their names; nor that prevents the person whose name is so subscribed, or any person interested, from explaining how and why the subscription came to be made, and that, in fact, the person so subscribing was not a witness, as he purported by the writing to be.   The subscription in such connection would be evidence—strong evidence—that the person subscribing intended to be a witness, but the contrary might be shown.   And so, also, where the subscriber in such connection denied that he was such witness, it might be shown that he subscribed as such.   And so, also, if the subscribing witnesses were dead, while the strong presumption would be that they were such, especially if there were a formal attestation clause, the contrary might be shown. Otherwise, the grossest injustice might be done to parties claiming under or against the will, and also to persons purporting to be witnesses, but really were not such, because of facts perfectly explicable.   Theobald on Wills, 30 ; *In the Goods of Wilson*, 1 Court of Prob. and Div., 267; *Griffeths* v. *Griffeths*, 2 *ibid.*, 300; *In the Goods of Sharman*, 1 Prob. and Div., 661 ; *In the Goods of Murphy*, 1 Ir. R. Eq., 300; *Crowell* v. *Kirk*, 3 Dev., 355; *Old* v. *Old*, 4 Dev., 500; *Bell* v. *Clark*, 9 Ired., 239; *Hampton* v. *Hardin*, 88 N. C., 592.

It may be that, if one purporting to be a subscribing witness was examined in the course of the probate proceeding of the will, he could not afterwards be allowed to say that he was not such witness, upon the ground that it was settled and adjudged that he was; but certainly this cannot be so, when the person purporting to be such witness was not examined and not before the Court, as a third witness to the will need not be, where it is proven in *common form.* We cannot conceive of an adequate reason why such a witness, not so before the Probate Court, shall be precluded, after the will is proven, from proving, before a Court having jurisdiction, in a proper case, when it becomes material to do so, that he was not such witness. Not to allow him to do so, might do him grievous injustice. It is true, such a witness might have a strong motive, in that the testator devised or bequeathed to him property of great value, to commit perjury or to suborn witnesses, but this would weigh against him in addition to the presumption of fact that he subscribed as a witness. The burden of proof is on him, and the greater it will be if there was a formal attestation clause to the will. Moreover, the motive to commit perjury and prevent the cause of justice is not greater in such case than in many others of equal importance. The statutory provision first above cited does not, nor does any other, in terms or by reasonable implication, prevent the person purporting to be a witness to a will, from showing in any proper case that he is not such.

We are, therefore, of the opinion that the testimony offered by the appellant on the trial, which was objected to, and rejected by the Court as incompetent, should have been received. If it had been received, it would have gone directly to prove that the appellant was not requested by the testator, nor did he consent, to witness the will under which he claimed; that he simply witnessed the signature of a witness to the will who identified himself and the signature as his by his cross-mark, supposing that such attesta-

tion itself required a witness. The appellant was not examined, when the will was proven, as a witness thereto or at all. If the facts were as the evidence rejected tended to prove, he was not such witness, and, as we have seen, he had the right to prove that he was not. So far as appears, the evidence was competent, and should have been received.

The learned counsel of the appellees, in his elaborate and well-considered argument, cited and relied upon several English cases; but upon a careful examination of them, we do not think they seriously contravene what we have said. The case most relied upon is that of *Nigan* v. *Rowland*, 11 Hare, 157 (45 Eng. Chan. R., 158). In that case there was a complete formal clause of attestation; the witness, whose right was in question, attested the signature of the two subscribing witnesses to the will, who each made his cross-mark, but he did not subscribe in terms as a witness for that purpose. The *Vice-Chancellor* held, in an opinion of about half a dozen lines, that "upon the face of the document and of the attestation clause, the defendant Nigan must be held to be a witness to all that the clause contained." He gave no reason for, or explanation of, the ground of his decision, nor did he cite any authority. The case is not a satisfactory one, as it seems to us, and certainly does not harmonize with other English cases, some of which are cited *supra*. He admits the case is a hard one, and said that if the parol evidence were admissible, it would not be sufficient to countervail that which the written document afforded. It would seem that his decision could rest, properly, only on that ground. In *Cozens* v. *Crant*, L. J. (New Series), 840, the witness really subscribed his name as such to the will, and the *Master of the Rolls* held that, although the witness subscribed as a token of approval of the will, at the request of the testator, such attestation invalidated the bequest, the English statute being almost precisely like that of this State. In *Taylor* v. *Mills*, 1 Moody & Robertson, 288, it was held by

Lord DENMAN, C. J., that a devise to a subscribing witness to the will was void, although there were other witnesses sufficient in number to prove the will. He said to counsel : " You assume too much ; the evidence of the devisee was not wanted on this particular occasion; but it might be wanted on other occasions. Supposing all the other sub-scribing witnesses should die, would not the evidence of this fourth interested witness then become necessary ?" In *Bon-field* v. *Bonfield*, 32 L. J., 668, the witness really attested the will.

There is error. The appellant is entitled to a new trial, and we so adjudge.

Error.                                        *Venire de novo.*