FRED BRAUN v. THE STATE.

No. 751. Decided February 22, 1899.

**1. Construction of Statute—Repeals by Implication.**

To effect the repeal of an earlier act, the subject thereof must be treated, and both statutes enacted to accomplish the same object. Repeals by implication are not favored, and will not be decreed unless it is manifest the Legislature so intended.

**2. Same—Butchers' Report to Commissioners Court.**

Article 891 [756], Penal Code, requiring butchers to report all animals slaughtered to each regular term of the commissioners court, is not repealed by the Act of 1889, page 84, nor by the Act of 1893, page 38, requiring the execution of a bond and keeping of a report book by butchers, and providing for the examination of said book by an inspector appointed to do so, and for his punishment for nonperformance of his duties in that regard.

**3. Same—Presumptions as to Codification of the Statutes.**

The general presumption will be indulged in construing a revision of the laws, that the codifiers of our laws did not intend to change the laws as they formerly stood, but simply intended to bring them forward, giving them the same effect which they formerly had.

**4. Same—Exemption of a County from Operation of a Statute.**

In construing a revision by codifiers, of our statutes, the different laws, comprising the chapter as they formerly existed, and other laws of the Legislature on the same subject, both penal and civil, will be looked to to ascertain whether or not the Legislature intended by the codification to exempt a certain county from the operation of a particular penal statute.

**5. Butchers—Failure to Report—Indictment.**

An indictment brought under Penal Code, article 891, against a butcher for failing to report to the commissioners court at each regular term all cattle slaughtered by him since the last term of said court, to be sufficient, must allege that defendant was a butcher, that he had slaughtered a number of animals, etc., and failed to report.

**6. Same.**

An indictment against a butcher for failure to report to the commissioners court, which alleged that he was engaged in the business on the 11th of February, and that he did not report at the first meeting of the court, which was on the same day, is wholly insufficient in not alleging that he was engaged in the business of a butcher prior to the said 11th day of February.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for failing to make report, to the Commissioners Court, as a butcher of animals, of the number, etc., of animals slaughtered by him; penalty, a fine of $50.

No statement necessary.

*Hazelwood & Smith,* for appellant.—The enactment (article 75, Acts 1889), and the subsequent amendments thereto, chapter 39, Acts 1893, repealed article 891 of the Penal Code by implication. Monroe v. State, 3 Texas Crim. App., 341; Harold v. State, 16 Texas Crim. App., 157. Grayson County is exempt from the provisions of Penal Code, article 891 [756], articles 6, 9, and 16, Penal Code, and chapter 12, articles 891 and 900, Penal Code.

The indictment charges no offense against the law. It does not allege that appellant slaughtered and sold any animals that he was required to report at the February term, 1895, of the Commissioners Court. The indictment does not allege when the February term was held, but article 1525, Revised Statutes, provides that commissioners courts shall hold a regular session on the second Monday in February, which in 1895 was the 11th day of that month.

The indictment alleges that appellant was engaged in the slaughter and sale of animals on February 11, 1895, but does not allege that he was so engaged before or during said term, or before the adjournment of said term. From the rather uncertain provisions of article 756, Penal Code, it was evidently the intention that butchers should report to each of the four regular terms of court the cattle slaughtered in the preceding quarter. If appellant slaughtered any cattle on February 11, 1895, as alleged, he was not required to report them to the regular term of court on that day, unless he slaughtered them before the term adjourned, and it is not alleged that he slaughtered them before the court adjourned, and no presumption will be indulged that he did.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating article 891 of the Penal Code of 1895, which was formerly article 756 of the Penal Code of 1879, requiring butchers to make report of the animals slaughtered by them to the county commissioners court of their respective counties. Appellant contends that this article 756 of the Penal Code of 1879, under which this indictment was framed, was repealed by the Act of 1889 (Laws Twenty-first Legislature, page 84), and by the subsequent Act of 1893 (Laws Twenty-third Legislature; page 38), because he says that said acts related to the subject matter embraced and covered by said article 756, and repealed said article 756 by implication. The courts have laid down this rule of construction of penal statutes, to wit: "To effect the repeal of an earlier act, the subject thereof must be

treated, and both statutes enacted to accomplish the same object." 23 Am. and Eng. Enc. of Law, p. 495. Furthermore, "it is a settled principle of statutory construction that repeals by implication are not favored, and will not be decreed, unless it is manifest that the Legislature so intended. As laws are presumed to be passed with deliberation and full knowledge of all existing ones on the subject, it is but reasonable to conclude that, in passing a statute, it was not intended to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is not only irreconcilable, but also clear and convincing, and following necessarily from the language used, unless the latter act fully embraces the subject matter of the earlier, or unless the reason for the earlier act is, beyond peradventure, removed. Hence, every effort must be used to make all acts stand, and if, by any reasonable construction, they can be reconciled, the latter act will not operate as a repeal of the earlier. It is frequently found that the conflict between two statutes is apparent only as their objects are different; and, when the language of each is restricted to its own object, they run in parallel lines without meeting, or the later act can be construed as a modification of or exception to the earlier one, thus avoiding all conflict between the two." 23 Am. and Eng. Enc. of Law, p. 489, et seq.

Now, applying the above rules of construction to the case before us, we think that article 756 of the Penal Code of 1879, under which appellant was indicted in this case, requires of butchers to make a report to the commissioners court, at each regular term thereof, of all cattle, giving the marks and brands and colors, that said butcher may have butchered during the time intervening between the meetings of the court, and inflicts a punishment upon said butcher for failing to comply therewith. The statute that appellant contends repeals this article provides that each butcher shall execute a certain bond, and keep a certain book, in which he shall make a report, and provides for the pay of an inspector to examine this book, and a report by that inspector, and the punishment of the inspector for the nonperformance of his duties. Now, this statute has not the "same object and the same subject" as required under the rules of statutory construction heretofore laid down. One has no reference to the other. Both can exist at one and the same time, there being no apparent conflict between them. We therefore hold that both laws stand, the later not repealing the former. See Walker v. State, 7 Texas Crim. App., 257; United States v. Claflin, 97 U. S., 546; Coghill v. State, 37 Ind., 111; Cate v. State, 3 Sneed, 120; 37 Am. Law Rep., 595. And almost this identical question was decided in Dreyer v. State, 10 Texas Criminal Appeals, 97.

Appellant contends that, notwithstanding there may be no conflict between said article 756 (which is article 891 in the Revised Penal Code of 1895) and the subsequent acts of the Twenty-first and Twenty-third Legislatures, yet, by reason of the codification of the laws of 1895, Grayson County was eliminated from the provisions of article 891 (formerly article 756), because, as he contends, the Legislature, in passing the Re-

vised Code, adopted the work of the codifiers, and passed chapter 12, beginning with article 887 to article 902, inclusive, and that article 899, by its express provisions, eliminates Grayson County, with other counties named, from the effect of the preceding article 891. We find the Penal Code in the condition as stated by appellant, and article 899 uses this language: "The provisions of this law shall not apply to either of the following counties, to wit: * * * Grayson," etc. It is contended, however, by the State, that we are not controlled by the Legislature codifying the laws, but that we can look back to the laws from which these articles were taken, in order to determine whether or not Grayson County is subject to said article 891 (formerly article 756). Article 756 was in the Penal Code when the Act of 1889 was passed and amended by the Act of 1893. Evidently the proviso eliminating Grayson and other counties from the provisions of the law of 1889 had nothing to do with article 756 of the Penal Code. Although Grayson County was eliminated and not subject to the Acts of 1889 and 1893, yet it remained subject to the provisions of article 756. No doubt, it would have been competent for the Twenty-fourth Legislature to have passed an independent and original bill, embracing article 756 and the Act of 1893 (all relating to butchers), and then, by a proviso, have eliminated Grayson County from the operation of all the provisions of said act; and it may be conceded that it would have been competent for said Legislature to have done so in a revision of the Penal Code, bringing forward said article 756 (now article 891) and the provisions of the Act of 1893, all relating to butchers, and then, in said chapter, by an article, enacted that the provisions of said preceding articles, all relating to butchers, should not apply to either of the following counties, naming them, including Grayson County. But in such case the intention to embrace all these articles together, and to exempt Grayson County from the provisions of all of said acts, must be clear and unambiguous. See Black, Interp. Law, pp. 368, 369; Endl. Interp. Laws, secs. 40, 202. On the other hand, the intention to make a change must be manifest. As stated by Mr. Black (page 368): "When the language of the code or revision as it stands would lead to absurd or highly improbable results, it may be compared with the language of the original statute, to ascertain if the phraseology has not been changed by mistake or inadvertence." And the general persumption will be indulged that the codifiers did not intend to change the laws as they formerly stood, their functions being merely to bring forward and arrange them, and that the Legislature, in codifying the laws, intended to bring them forward, giving them the same effect which they formerly had. True, the Legislature, in re-enacting the Code and Code of Criminal Procedure, stated "that the articles brought forward shall hereafter constitute the Penal Code and Code of Criminal Procedure;" and they further enacted "that all penal laws and all laws relating to criminal procedure in this State that are not embraced in this act and were not enacted by the Twenty-third Legislature, and have not been enacted during the present

session of this Legislature, be and the same are hereby repealed." Now we look to chapter 12 itself in order to ascertain whether or not it was intended to exempt Grayson County, together with the other counties named, from all the provisions of said chapter, including article 891, which requires butchers to make report at each term of the commissioners court of all animals slaughtered by them, etc. In the first place, we find that articles 887 and 888 of said chapter may or may not concern butchers. They certainly have no express application to butchers. The remaining articles of said chapter do appear to have relation to the subject of butchers slaughtering animals, and their duties. Article 891 precedes in its arrangement the provisions of the Act of 1893, which is brought forward in this Code. Article 891, as stated before, was formerly article 756, and was in existence long before the Act of 1893, and referred to entirely different duties of butchers than the Act of 1893. The first article was solely with reference to making report by butchers of animals slaughtered by them, to the commissioners court at each term; while the subsequent Act of 1893 relates to the duties of butchers slaughtering animals in regard to keeping a book of entries of the animals, etc., slaughtered by them, and the duty of inspectors with reference to making reports to the clerk of the county court. No counties were exempted from the provisions of the first article, while from the Act of 1893 a number of counties were exempted. Article 899 provides: "The provisions of this law shall not apply to either of the following counties." Then follows a list of exempted counties. Now, what law was it intended to exempt the counties named from the operation of? To determine this question, we can not only look to the chapter itself, but we can look back to the provisions which constituted said chapter as they formerly existed. And in this connection it is expressly provided, in the act of revision itself, that the Acts of the Twenty-third Legislature (which enacted the laws of 1893) that are not embraced in the revision of the Code are not repealed. Moreover, we can look to other laws of the Legislature on the same subject to ascertain whether or not the Legislature intended by this codification to exempt Grayson County from said article 891. Referring to these provisions, it occurs to us that it was not the intention of the Legislature to relieve Grayson County or any of the counties named from the operation of said article 891. The Act of 1893 indicates clearly that the counties named were only exempted from the provisions of that law; and, when we look at the Revised Civil Statutes, the work of the codifiers passed by the Legislature in 1895 (articles 4948 to 4953, inclusive), we see that the Legislature, in that act, exempted counties named, which are the same as those included in the Criminal Code, "from the provisions of the five preceding articles;" and said five preceding articles do not relate at all to the report that butchers are required to make to the county commissioners court at each term, though the same subject matter is treated of in the Civil Code (article 4943); but the exemption declared in said statute relates exclusively to the duties of butchers with reference to keeping

their books, etc., and to inspectors of cattle. So, this law on the same subject reinforces the construction here insisted on; and we hold that, when article 899 exempts certain counties from the provisions of this law, it means the provisions of the law of 1893, brought forward by the codifiers, and not at all to article 891, though it is found in the same chapter of the Penal Code.

Appellant also contends that the indictment in this case is insufficient (1) because it does not state that appellant, as a butcher, slaughtered any animals; and (2) because the indictment alleges that appellant was a butcher on the 11th of February, 1895, and that on said 11th day of February, 1895, he committed the offense by not reporting to the court the number of animals, etc., that he had slaughtered since the last term of said court, and that the indictment should have alleged the time when said term of court was held; that, if it had alleged the time, it would have appeared that same was held on the 11th day of February,— the very day on which it was alleged that he had committed the offense. With reference to the first contention, we believe that it is well taken; that is, the indictment should have alleged, not only that appellant was a butcher, but that he had slaughtered a number of animals, etc., and had failed to make a report of the same. If appellant, although a butcher, had in fact slaughtered no animals, we do not believe it was incumbent on him to make a report. Certainly the State would have to prove, before it could claim a conviction, that, as a butcher, he had slaughtered certain animals. Furthermore, as the indictment was drawn, we can not determine that he was required to make any report. The indictment alleges that he committed the offense on the 11th of February, and that was the very day the commissioners court met. It is not alleged that he was engaged in the butcher business prior to that day, and that he failed to make a report of the animals slaughtered by him preceding the meeting of the court; but it is merely alleged that he was engaged in the butcher business on the 11th of February, and that he did not make a report at the first meeting of the court, which was on the same day. The indictment does not advise us that he was engaged in the business of a butcher prior to the 11th of February, 1895. We hold that the indictment in both respects was bad. The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

DAVIDSON, Presiding Judge, absent.