## WATTENBARGER et al. v. WATTENBARGER et al.

No. 2536. Opinion Filed July 22, 1913.

Rehearing Denied November 4, 1913.

(135 Pac. 1141.)

**WILLS—Execution—Validity.** A resident of Oklahoma, owning a farm in Woods county, who was temporarily in Sullivan county, Mo., died at the latter place after having executed a will in strict compliance with the laws of Missouri, bequeathing all his property. It is contended that the will does not pass the property in Oklahoma because not executed in compliance with the laws of this state, in that the person signing the testator's name did not write his own name as a witness; and the subscribing witnesses did not write after their names their residence. **Held,** that while these things are required by section 6809, Wilson's Rev. & Ann.

St. 1903 (Comp. Laws 1909, sec. 8899 [section 8349, Rev. Laws 1910]), yet that these requirements are directory only, and do not affect the validity of the will because of the qualifying language used in the statute.

(Syllabus by Brewer, C.)

*Error from District Court, Woods County;*

*R. H. Loofbourrow, Judge.*

Application of T. E. Wattenbarger and others for the probate of the will of W. H. Wattenbarger. From a judgment of the County Court admitting the will to probate, affirmed by the District Court, J. F. Wattenbarger and others bring error. Affirmed.

*H. M. Bear* and *Hiram A. King,* for plaintiffs in error.

*H. A. Noah,* for defendants in error.

Opinion by BREWER, C. This is an appeal from the judgment and order of the district court, upon appeal from the county court, admitting to probate the last will and testament of W. H. Wattenbarger. The testator, an unmarried man without issue, lived in Woods county, Okla., and owned 160 acres of land and a small amount of personal property. In the year 1904, he seems to have left Oklahoma, going to Topeka, Kan., to a hospital. Later in the same year he went to Sullivan county, Mo., where, after remaining about two months, he died as the result of a spell of sickness. Shortly prior to his death he sent for an attorney, a distant relative, and had him prepare his last will and testament, which was executed in Sullivan county, Mo., on the 3d day of December, 1904. A week thereafter he died. After providing for the payment of his debts and the expenses of his last sickness and funeral, the testator bequeathed to two brothers and two sisters, the contestants herein, the sum of $1 each. To two other brothers, Adam R. and T. E. Wattenbarger, and to two sisters, Ana Price and Judah Creuson, the proponents of the will, he devised and bequeathed the residue of his property, mentioning the 160 acres of land in Woods county, some live stock, moneys, and all other property of whatever kind and wher-

ever situated. The will was admitted to probate in the county court upon the proof of the subscribing witnesses thereto, from which judgment an appeal was prosecuted to the district court, where the evidence of the subscribing witnesses, and numerous other parties, was introduced in support of the will. The contestants offered no evidence, but contented themselves with a demurrer to that offered by the proponents of the will. The district court adjudged the will to be entitled to probate and so ordered.

While the record is full of objections, the only real question in the case goes to the manner of the execution of the will. As shown by the statement of counsel for contestants in his demurrer to the evidence, "that the law affects real estate situate in Woods county, Okla., that the residence of the testator at the time of his death was in Woods county, Okla., and that his domicile was in Woods county, Okla., at the time of his death; that the only signature or subscription or attempt to execute the pretended will by the testator was an attempt to execute by signature by mark, and that the witness who wrote the name of the testator wholly failed to sign his name as a witness thereto."

The court took the view, and proceeded upon the theory, that while the will was not executed in full compliance with the Oklahoma law, yet that it was valid and entitled to probate, because executed in strict compliance with the law of Missouri, the place of execution. Contestants claim that this was error, and that it is necessary in determining the same to construe sections 6811-6813, Wilson's Rev. & Ann. St. 1903 (sections 8901-8903, Comp. Laws 1909 [Rev. Laws 1910, secs. 8351-8353]), in connection with section 8981, Comp. Laws 1909 (section 6891, Wilson's Rev. & Ann. St. 1903 [Rev. Laws 1910, sec. 8336]); but under our view of the case no construction or discussion of these sections is required, for the reason that we believe the will to have been executed not only in compliance with the laws of Missouri, but also in substantial compliance with the laws of Oklahoma. The will was subscribed at the end by the name

of the testator being affixed thereto, in his presence by his direction, by the attorney who prepared it, and who testified in the case. This subscription was made in the presence of two attesting witnesses, and of the testator, who declared to the attesting witnesses that the instrument was his will. The attestation is as follows:

"We, the undersigned, hereto subscribe our names as witnesses to the above will of W. H. Wattenbarger, testator, in his presence, at his request and in the presence of each other, this 3d day of December, 1904. Jno. A. Page. John C. Yardley."

While counsel have not taken the pains to point out wherein the execution of the will is insufficient, yet we are fully convinced from what is said that the objection lies in this, that the person who signed the name of the testator, when he made his mark, did not also sign his own name, and that the subscribing witnesses did not state, following their signatures, their place of residence. Neither of these things was required by the law of Missouri, nor do they seem to be essential to the validity of a will in Oklahoma. Section 8899, Comp. Laws 1909 (section 6809, Wilson's Rev. & Ann. St. 1903 [section 8349, Rev. Laws 1910]), is as follows:

"A witness to a written will must write, with his name, his place of residence; and a person who subscribes the testator's name, by his direction, must write his own name as a witness to the will. But a violation of this section does not affect the validity of the will."

This section can be no more than directory, in so much as it specifically declares that its violation does not affect the validity of the will.

We fail to find where this point in connection with the execution of a will has been before the court; but, if we held the plain letter of the law, it must be held that the validity of the will is not affected by a failure to comply with the direction of the statutes. In the case of *Ward et al. v. County Com'rs,* 12 Okla. 267, 70 Pac. 378, it was held that a failure to attach the attestation clause does not invalidate the will, but merely changes the method of proving that it was attested as required by the

statute. The will in the instant case was brief, clear, and to the point, and neither fraud, collusion, nor undue influence is attempted to be shown. Nothing in fact is urged against it except the question of its validity, based on the method of its execution. The will being valid under the law of the place of its execution, and the law of the situs of the lands conveyed, a discussion of what the law would be, if the will did not comply with the formalities of the Oklahoma law, would be purely academic.

The judgment ordering the probate of the will was correct, and the same should be affirmed.

By the Court: It is so ordered.