[File No. 7218]

LAWRENCE SCHMUTZLER, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(49 NW2d 619)

Opinion filed October 31, 1951

*E. T. Christianson,* Attorney General, *P. B. Garberg* and *Paul M. Sand,* Assistant Attorneys General, for appellant.
*Ella Van Berkom,* for respondent.

GRIMSON, J.  On August 15, 1947, Lawrence Schmutzler, the plaintiff herein, was working as a salesman for Sears, Roebuck & Company at Minot, North Dakota.  That company had then in all things complied with the provisions of the Workmen's Compensation Act.  In the course of plaintiff's employment that day he suffered an injury to his right eye which resulted in the removal of the eyeball on Sept. 24, 1947.  At the time of the injury plaintiff was receiving an average wage of $85.00 per week.  On Nov. 24, 1947, the Workmen's Compensation Bureau awarded plaintiff compensation for temporary, total disability, hospital and medical expenses and emergency allowances as provided by the Workmen's Compensation Act.  On March 8, 1948, the Bureau, applying Sec 65–0511 NDRC 1943, as limitation upon Sec 65–0513, made a supplemental award to the plaintiff of $2000.00 "for loss of right eye, permanent, partial disability" being compensation for a period of 100 weeks from Oct. 26, 1947, to Sept. 24, 1949 at $20.00 per week.  A rehearing was had before the Bureau.  The prior award of $2000.00 was confirmed.  An appeal was taken from that award to the District Court of Ward County.  The District Court found that Sec 65–0513 NDRC 1943 as amended by Chapter 337 SL 1945 was not limited by provisions of Sec 65–0511 as amended by said chapter and that the plaintiff was entitled for the loss of

his eye to compensation for 100 weeks at the rate of sixty-six and two-thirds per cent of his weekly wages of $85.00 amounting to $5667.00 as provided by Sec 65–0513 without consideration of the limitation provided by Sec 65–0511 for permanent, partial disability. A stipulation had been entered into that the $2000.00 might be paid without any prejudice to the rights of the plaintiff which was done and credited upon the judgment. From that judgment this appeal is taken.

The question at issue in this lawsuit is whether the loss of an eye shall be construed under the Workmen's Compensation Act as permanent, partial disability and subject to the limitations provided therefor. To determine that, it is necessary to give consideration to the Workmen's Compensation Act as it read at the time of this accident as well as the law before codification and the interpretation given that Act by the Workmen's Compensation Bureau in the administration of the provisions thereof governing the matter here at issue.

The North Dakota Workmen's Compensation Act was enacted as Chapter 162 of the Session Laws of 1919. The provisions for compensation from the North Dakota Workmen's Compensation Fund to any employee subject to the Act for injuries arising in the course of his employment were covered in Sec 3 of that chapter. Subsection A of said Sec 3 provided for furnishing medical, surgical and hospital services. Subsection B provided that no other payments were allowed unless the period of disability extended beyond seven days, in which case compensation should be paid from the date of injury. Subsection C provided for payments of a weekly compensation equal to 66 and 2/3rds. percent of the weekly wages of the disabled employee for total disability. Subsection D provided for temporary, partial disability a weekly compensation equal to 66 and 2/3rds. percent of the disabled employees' loss in earning capacity. Subsection E provided for payments for permanent, partial disability of 66 and 2/3rds. percent of the employee's weekly wages for a number of weeks proportional to the percent of disability beginning with 5.2 weeks for a one percent disability and up to 468 weeks for a 90 percent disability. The final paragraph of Subsection E provided that "the Bureau shall

immediately fix and file its schedule of specific benefits to be allowed for specific injuries." Subsection F provided that the weekly compensation for either total or partial disability should not exceed $20.00. A minimum compensation of $6.00 per week was provided for total disability.

The question immediately arises whether the legislative intent was to limit the specific benefits for specific injuries to a maximum of $20.00 per week. Such injuries are not specifically mentioned in Subsection F which provides the limitation. Generally in the insurance field specific injuries constitute a separate and distinct classification. In that classification is commonly placed the loss of a member of the body on the theory that such a loss while it may not have an effect in some cases on the earning capacity of the injured person it is always a distinct detriment and handicap from which such person would suffer in all after life. On the other hand in this instance the provision for specific benefits for specific injuries is placed in the subsection E providing the allowance for permanent, partial disability and is followed by the subsection F providing the minimum and maximum payments for both total and partial disabilities. The interpretation given the section by the Workmen's Compensation Bureau, the body which administers the Workmen's Compensation Act, was from the beginning that specific injuries came under the classification of permanent, partial disability and that the limitations in subsection F applied to the specific benefits for the specific injuries.

In 1927 Subsection E of Sec. 3, Chapter 162 SL 1919 was amended, Chapter 286 SL 1927. The first part of Subsection E was reenacted making only a small change in the number of weeks allowed for the percentage of disability. For a 1 percent disability five weeks were allowed and for a 90 percent disability 450 weeks. The last paragraph of Subsection E, giving the Bureau the authority to fix specific benefits for specific injuries, was omitted and instead a complete schedule of specific benefits to be allowed for specific injuries was enacted. That schedule covered the loss of members of the body. It fixed the time for which compensation should be paid for such losses and provided a maximum and minimum payment. A computation

of those payments shows that in each instance the minimum compensation was based on a minimum of $6.00 per week for the time allowed and the maximum was based upon a compensation of $20.00 per week for the time allowed. That enactment clearly shows that the legislature intended to limit specific benefits to a minimum of $6.00 and a maximum of $20.00 per week.

Subsection E of Sec 3, Chapter 162 SL 1919 was reenacted in 1929 and the schedule for specific benefits to be allowed for specific injuries was again included therein. For the loss of the sight of an eye a payment for 100 weeks was allowed and a minimum of $600.00 and maximum of $2000.00 was fixed which again employs the $6.00 and $20.00 limitations.

No further change was made in the law until the codification in 1943. At that time Subsection E of Sec 3 was divided into two sections. The first paragraph which provided for a payment of compensation for permanent, partial disability was enacted as Sec 65–0512 NDRC 1943. The second paragraph which provided a schedule of specific benefits for specific injuries became Sec 65–0513 NDRC 1943. Subsection F of Sec 3 providing the limitations became Sec 65–0511, placing it ahead of the other two sections. No reference was made in Sec 65–0513 to Sec 65–0511 or to any limitations of the payment otherwise than provided in the section itself, Section 65–0513, which fixed the number of weeks during which the disabled employee should be paid compensation equal to 66 and 2/3rds. percent of his weekly wages. Sections 65–0511 and 65–0513 were reenacted in Chapter 337 of the 1945 Session Laws with no change in the provisions now under consideration. That was the law in force at the time the accident here involved occurred.

The language of the statute, Sec 65–0513 when read alone was as the district court held, plain and unambiguous. Ordinarily the court must interpret such a statute as it reads. State ex rel. Graham v. Hall, 73 ND 428, 15 NW2d 736; Lillegard v. Hutchinson, 67 ND 44, 269 NW 43. Both the district court and the plaintiff were correct in arriving at that conclusion when that section was considered by itself.

In this instance, however, other principles will also have to be taken into consideration. This statute, Sec 65–0513 is a

recodification rather than a new enactment. It must be construed as a continuation of the existing statute, Sec 1–0225 NDRC 1943. In such cases the presumption obtains that the codifiers did not intend to change the law as it formerly existed. State ex rel. Kositzky v. Prater, 48 ND 1240, 189 NW 334; Braun v. State, 40 Tex Crim 236, 49 SW 620, 622; U. S. v. Ryder, 110 US 729, 740, 28 L Ed 308, 4 S Ct 196, 201. In State ex rel. Johnson v. Broderick, 75 ND 340, 27 NW2d 849, the court held: "The rearrangement of sections or parts of a statute, or the placing of portions of what formerly was a single section in separate sections, does not operate to change the operation, effect or meaning of the statute unless the changes are of such nature as to manifest clearly and unmistakably a legislative intent to change the former law." See also 59 CJ 897; State ex rel Nimberger v. Bushnell, 95 Ohio St 203, 116 NE 464; Anderson v. Pacific Coast S. S. Co. 225 US 187, 199, 56 L Ed 1047, 1053, 32 S Ct 626.

The reading of the reviser's note in connection with the codified statute supports the presumption that no change was intended. The time for which benefit shall be allowed for specific injuries provided in Sec 65–0513 is verbatim the time provided in Chapter 260 SL 1929, the law in force at the time of the codification. The limitations of the amounts in figures is omitted. The reviser's note accompanying the report of the Code Commission to the legislature explained that the changes made were for the purpose of clarity, and to avoid confusion. The note states: "The minimum and maximum amounts in figures which can be paid have been omitted . . . . The listing of the figures for the maximum and minimum has caused considerable confusion . . . for the minimum and maximum are merely a matter of computation based upon the average weekly wage of the injured person and the number of weeks allowed for the scheduled disability" limited by the provision of Subsection F that: "The weekly compensation shall not exceed $20.00 nor be less than $6.00." Thus is indicated the intent to continue the law as it was before the codification.

Following the codification and the enactment of Sec 65–0513 NDRC 1943, and its reenactment as Chapter 337 SL 1945 the

Workmen's Compensation Bureau continued the interpretation of this Act in accordance with the limitations set out in Chapter 260 SL 1929. The Bureau treated the statute as unchanged. The practical and contemporaneous construction placed upon the statute by the officers charged with its enforcement may be considered in determining the meaning of the law. See Payne v. Board of Trustees, 76 ND 278, 35 NW2d 553 and cases cited.

The judgment of the district court is reversed, and the amount allowed by the Workmen's Compensation Bureau having been paid, it is ordered that the action be dismissed.

MORRIS, C. J., and SATHRE, BURKE and CHRISTIANSON, JJ., concur.