[No. 32918. Department One. September 30, 1954.]

*In the Matter of the Estate of* CHARLES P. CRONQUIST, *Deceased.*

GEORGE L. CRONQUIST, *Individually and as Executor, et al., Appellants,* v. THEODORE R. CRONQUIST *et al., Respondents.*[1]

*Ralph M. Rogers, Samuel L. Crippen,* and *William F. LeVeque,* for appellants.

*Hal D. Murtland,* for respondents.

[1]Reported in 274 P. (2d) 585.

HAMLEY, J.—In this will contest, the trial court found that the testator lacked testamentary capacity, and that the will was invalidly and improperly executed and attested. A decree was entered revoking the will. George L. Cronquist, individually and as executor, and William F. LeVeque, as guardian *ad litem* of certain minors, appeal.

With regard to the asserted invalid and improper execution and attestation of the will, it is alleged in the petition, among other things, that neither of the two witnesses saw decedent affix his signature to the will. It is further alleged that decedent did not inform the attesting witnesses that he had so affixed his signature. The trial court entered findings of fact sustaining these allegations. Appellants do not question these findings.

The statute governing the execution of wills (RCW 11.12.020, Rem. Rev. Stat., § 1395) reads as follows:

"Every will shall be in writing signed by the testator or testatrix, or by some other person under his or her direction in his or her presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator or testatrix by his or her direction or request: . . ."

Under the above statute, a will can be attested only by two or more competent "witnesses." A witness, in the sense there used, is one who has personal knowledge of some fact or transaction. The fact or transaction concerning which a witness to a will must have personal knowledge is that the will was signed by the testator or testatrix, or by some other person under his or her direction in his or her presence. *In re Chafey's Estate,* 167 Wash. 185, 8 P. (2d) 959; *In re Chamber's Estate,* 187 Wash. 417, 60 P. (2d) 41. Attestation by such persons constitutes a certification that the signature was genuine. *In re Jones' Estate,* 101 Wash. 128, 172 Pac. 206.

The persons who signed as "witnesses" to this will witnessed nothing, in so far as the acts of the testator are concerned. They did not see him sign the will. They did not see anyone sign for him. We need not decide whether it

would have been sufficient for them to have heard the testator acknowledge that he had signed the will, since there was no such acknowledgment here. These "witnesses" do not know, of their own personal knowledge, whether the signature of the testator on the will is genuine. It follows that this will was not attested, as that term is used in the statute and defined in the above-cited decisions.

It is fair to state that neither counsel for appellants nor any other attorney was asked to assist in the preparation and execution of this will.

The findings of fact support the decree, which is, accordingly, affirmed.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.