75 N.W.2d 313 (1956)
In the Matter of the Appeal from the County Court of Richland County in the ESTATE of Helen C. JOHNSON, Deceased.
William H. HUTCHINSON, Petitioner,
v.
Clementine CHARLES, Mary Charles, Ernest M. Charles, Graham C. Charles, Lil Johnson, First Congregational Church of Wahpeton, North Dakota, and Masonic Lodge No. 15 of Wahpeton, North Dakota, also known and referred to as A. F. & A. M. No. 15, Wahpeton, North Dakota, Respondents, Mary Charles, Clementine Charles, and Graham C. Charles, Appellants.
No. 7568.
Supreme Court of North Dakota.
February 17, 1956.
Conmy & Conmy, Fargo, for appellants.
Clifford Schneller, Wahpeton, for respondents.
MORRIS, Judge.
On January 21, 1955, William H. Hutchinson petitioned the County Court of Richland County for the admission to probate of the will of Helen C. Johnson, deceased, and for the appointment of the petitioner as executor under the terms of the will. Among the respondents in that proceeding were Clementine Charles, Mary Charles, and Graham C. Charles, two sisters and a half brother of the deceased, who are the appellants in this court and will be referred *314 to hereinafter as the appellants. They filed an answer and objection to the probate of the will on the ground that the will was void and of no effect because one of the witnesses thereto did not write with his name his place of residence as provided by Section 56-0302, NDRC 1943.
The county court held the will to be valid and admitted it to probate. The appellants appealed to the District Court of Richland County and now appeal to this court from the judgment of the district court affirming an order of the county court admitting the will to probate.
The sole question before us is whether the will was void because one of the subscribing witnesses did not write with his name his place of residence. It arises because in the process of revising and recodifying our statutory law sections of the 1913 Compiled Laws were rearranged and combined in the 1943 Code. The changes can best be understood by paralleling the old and new sections.

Compiled Laws 1913
"Every will, other than a nuncupapative will, must be in writing; and every will, other than an olographic will and a nuncupative will, must be executed and attested as follows:
"1. It must be subscribed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe his name thereto.
"2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him or by his authority.
"3. The testator must at the time of subscribing or acknowledging the same declare to the attesting witnesses that the instrument is his will; and,
"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence." Section 5649.
"A witness to a written will must write with his name his place of residence; and a person who subscribes a testator's name by his direction must write his own name as a witness to the will. But a violation of this section does not affect the validity of the will." Section 5651.

NDRC 1943
"Every will, other than a nuncupative will, must be in writing." Section 56-0301.
"Every will, other than an olographic will and a nuncupative will, must be executed and attested as follows:
"1. It must be subscribed at the end thereof by the testator himself, or some person, in his presence, and by his direction, must subscribe his name thereto;
"2. It must be subscribed in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him or by his authority;
"3. The testator, at the time of subscribing or acknowledging the same, must declare to the attesting witnesses that the instrument is his will;
"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will, at the testator's request, and in his presence;
"5. A witness to a written will must write, with his name, his place of residence; and
"6. A person who subscribes a testator's name by his direction must write his own name as a witness to the will. A violation of this subsection does not affect the validity of the will." Section 56-0302.
*315 The reviser's note which follows Section 56-0302, supra, in the report of the code revision committee to the twenty-eighth session of the legislative assembly states:
"This section consists of a part only of C.L.1913, s. 5649 and of C.L.1913, s. 5651 because these provisions relate to cognate matter. Subs. 5 consists of the first clause of C.L.1913, s. 5651 which has not been revised in form. Subs. 6 is the second clause of the first sentence of C.L.1913, s. 5651 and has been made such subsection without a revision of its language in any respect. The last sentence of C.L.1913, s. 5651 has been made a part of subs. 6 of this section so as to leave the meaning of the language identical with its meaning in its present form."
In Schmutzler v. North Dakota Workmen's Compensation Bureau, 78 N.D. 377, 49 N.W.2d 649, 651, after stating the general rule that ordinarily the court must interpret a statute as it reads, we said:
"In this instance, however, other principles will also have to be taken into consideration. This statute, Sec. 65-0513 is a recodification rather than a new enactment. It must be construed as a continuation of the existing statute, Sec. 1-0225, NDRC 1943. In such cases the presumption obtains that the codifiers did not intend to change the law as it formerly existed. State ex rel. Kositzky v. Prater, 48 N.D. 1240, 189 N.W. 334; Braun v. State, 40 Tex.Cr.R. 236, 49 S.W. 620, 622; United States v. Ryder, 110 U.S. 729, 740, 4 S.Ct. 196, 201, 28 L.Ed. 308. In State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849, 852, the court held: `The rearrangement of sections or parts of a statute, or the placing of portions of what formerly was a single section in separate sections, does not operate to change the operation, effect or meaning of the statute unless the changes are of such nature as to manifest clearly and unmistakably a legislative intent to change the former law.'" See also State v. Tjaden, N.D., 69 N.W.2d 272.
The question here is whether the legislature in adopting Section 56-0302, NDRC 1943 intended to change not only the form of the statute but the substance of the law providing for the attestation of wills as it had existed from statehood to 1943, see Section 693, Revised Codes, Territory of Dakota 1877, and to make the writing of the place of residence by a witness a condition to the validity of a will that had already been executed in the manner that the statute prescribes. Two leading texts state that although required by statute in some states the failure of the subscribing witness to write his place of residence as required by law will not invalidate the will. Schouler on Wills, 6th Ed., Section 562; Page on Wills, Lifetime Edition, Section 375. This would appear to be the reasonable rule unless the statute clearly requires a stricter rule to be applied. In re Jones' Estate, 101 Wash. 128, 172 P. 206; In re Smith's Estate, 130 Neb. 739, 266 N.W. 611; McIntyre v. Saltysiak, 205 Md. 415, 109 A.2d 70.
The appellants quote Section 56-0307, NDRC 1943 which provides:
"No will is valid unless executed according to the provisions of this chapter, or according to the law of the place in which it was made, or in which the testator at the time was domiciled."
and argue that this section renders the will in this case invalid. The appellants have failed to note that Section 56-0302 provides for both the execution and the attestation of the will, while Section 56-0307 applies only to the execution of the will, not to its attestation. These two terms have different meanings and refer to distinct formalities. The execution of a will pertains primarily to what the testator must do. Under our statute the execution of the will requires that it be subscribed at the end thereof by the testator or someone acting for him in the manner prescribed by the statute. The subscription must be made in the presence *316 of attesting witnesses or be acknowledged to the witnesses to have been made by him or by his authority. The testator must declare to the attesting witnesses that the instrument is his will and he must request the witnesses to sign their names at the end of the will in his presence and they must do so although they need not sign at the same time or in the presence of each other. Collins v. Stroup, 71 N.D. 679, 3 N.W.2d 742. The term "attest" as applied to wills means the act of witnessing the performance of the statutory requirements as to the valid execution of the will and doing the things that the statute requires the witness to do as a part of the attestation.
The appellants point to the use of the word "must" in Section 56-0301, supra, and argue that it is mandatory and peremptory, as it usually is. This argument loses its force when we consider that the word "must" in subsection 5 appeared in the same context before revision. Section 5651, C.L.N.D.1913 provided that a witness must write with his name his place of residence but a failure to do so did not affect the validity of the will. It was clearly directory. Wattenbarger v. Wattenbarger, 39 Okl. 531, 135 P. 1141. The obvious purpose of this requirement was to make it more easy to locate the witness in after years and possibly to add to the certainty of his identification. It was not one of the safeguards surrounding the execution of the will nor can it be considered a part of its execution.
When we consider the nature of this requirement and its purpose in the light of what we said in Schmutzler v. North Dakota Workmen's Compensation Bureau, supra, we reach the conclusion that the legislature never intended to make the validity of the execution of a will dependent upon the requirement that each witness write with his name his place of residence when the will had already been otherwise validly executed and attested. Affirmed.
BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.