STATE OF NORTH DAKOTA, Respondent, v. SELMA W. PEDIE, Appellant.

(224 N. W. 898.)

Opinion filed April 9, 1929.

*J. J. Weeks*, for appellant.

*A. Benson,* State's Attorney, and *O. B. Benson,* Assistant State's Attorney, for respondent.

Burr, J. The defendant was arrested July 31, 1928, charged with arson in the third degree. She waived preliminary examination and was held to answer to the district court of Bottineau county. No term of the court had been called, but the next day one of the judges of the district court was in Bottineau and there were present in the court house for the purpose of holding court, the district judge, court reporter, state's attorney, sheriff with the defendant in custody, and defendant's husband, but no counsel for defendant. At that time an information was filed, the defendant arraigned, and after some discussion, wherein the obtaining of counsel was suggested, the defendant

entered her plea of guilty, was sentenced to serve four years in the penitentiary and was committed. From the judgment of conviction the defendant appeals.

Appellant presents three matters on this appeal. First, that the information was filed in vacation time, without having the duly verified statement of the state's attorney in writing filed as provided for in sub-division 6 of section 10,628 Compiled Laws though the written confession of defendant was filed, admitting guilt, therefore all of the proceedings thereunder are void and the judgment erroneous; second, that at the time of the reception of the plea of guilty and the passing of sentence a doubt arose as to the sanity of the defendant and therefore no judgment should have been pronounced without first having the question of sanity determined; third, that the information does not state facts sufficient to constitute a public offense.

The general rule is that "in the absence of a statute to the contrary, informations may be properly filed with the clerk of court in vacation." 31 C. J. 637. State v. Kyle, 166 Mo. 287, 56 L.R.A. 115, 65 S. W. 769. Our attention is not called to any statute specifically forbidding the filing of an information at any time desired by the state. However § 10,628 of the Compiled Laws says:

"During each term of the district court held in and for any county . . . the state's attorney of the county . . . shall file an information . . . against all persons accused of having committed a crime or public offense within such county"
and after specifying four causes or occasions when such information may be filed adds a fifth stating:

"At any time, when the person accused of a crime . . . is a fugitive from justice and such information may be needed by the governor of this state to demand such person from the executive authority of any other state. . . ."

This would intimate that ordinarily informations can be filed during a term of court only. This intimation is suggested also in State v. Kilmer, 31 N. D. 442, 447, 153 N. W. 1090, Ann. Cas. 1917E, 116, where it was held that "informations can be filed during as well as at the beginning of the term where no grand jury is in session nor called." The section quoted is part of the original statute adopted when we became a state and is included in the Code of 1895. Through chap-

ter 153 of the session laws of 1911 an amendment was added which became subdivision 6 of the section. This provides that when the state's attorney presents·

"to the district judge his statement in writing, duly verified, that an accused held for trial after preliminary examination or waiver thereof desires to forthwith enter a plea of guilty said statement when accompanied by a written confession of guilt of the person so accused of said crime, duly signed by such person so accused, shall be sufficient upon which such district judge in his discretion may order the state's attorney of the county wherein said defendant is held for trial to forthwith file a criminal information against such person with the clerk of the district court of such county . . . provided, that after the filing of such information by such clerk the defendant and state's attorney may appear with such clerk in district court chambers before the judge anywhere within the judicial district of which such county . . . is a part, and said district judge may thereupon . . . pronounce final judgment . . . with the same force and effect as though the same were done in open court in the county in which such information was so filed with such clerk."

This authorizes the filing of the information when the judge is not present and is a part of the procedure provided for permitting the defendant to consent to proceedings in another county in the same judicial district and accept his punishment without waiting until such time as the judge of the district court could be present. It is the authority for taking the defendant to another county, an exception to the rule that an information can be filed in term time only.

But under the provisions of § 10,399 of the Compiled Laws the district court of Bottineau county is

"always open for the purpose of hearing and determining all questions, motions and applications of every kind and character in criminal actions or proceedings . . . except issues of fact, . . . But issues of fact in all criminal actions or proceedings must be tried at a regular term of the court in the county . . . in which the same is legally brought or to which the place of trial is changed as provided by law."

Not only is the district court of Bottineau county always open but the judge, the reporter, the clerk and the sheriff were all present and

court was held even though it was not a regular term. The crime charged is alleged to have been committed in Bottineau county; the defendant was in Bottineau county, the record shows her to be a resident of Bottineau county; the state's attorney filed his information in Bottineau county; and the district court of Bottineau county was open for that purpose. Assuming the defendant was competent to enter a plea there was no necessity for the state's attorney to file a written statement or a written confession of the defendant, before filing the information. No objection was made by the defendant to the filing or to the arraignment and therefore there was no error in this part of the procedure.

It is claimed however, that even if the information had been properly filed the court had no right to arraign the defendant or to receive the plea because there was no term of court for the trial of such matters. While under the provisions of § 10,399 of the Compiled Laws the district court is always open for the purpose of hearing applications in criminal actions, yet it is not always open for the purpose of trial of issues of fact. Our statute defines trial as "the judicial examination of the issues between the parties, whether they are issues of law or of fact." See § 7607 of the Compiled Laws. It means the judicial examination of the issues tendered by the plea (State v. Collins, 27 R. I. 419, 62 Atl. 1010), and does not include the preliminary matters such as the arraignment, or other steps preliminary to administering the oath to the jury. See McCall v. United States, 1 Dak. 320, 46 N. W. 608; Hunnel v. State, 86 Ind. 431, 434; Com. v. Soderquest, 183 Mass. 199, 66 N. E. 801; Byers v. State, 105 Ala. 31, 16 So. 716; State v. Bergman, 37 Minn. 407, 34 N. W. 737.

The pronouncing of judgment is "no part of the trial" within the constitutional provisions providing that the defendant shall have a speedy trial. See People v. Stokes, 5 Cal. App. 205, 89 Pac. 1000; Reed v. State, 147 Ind. 41, 46 N. E. 135; State v. Watson, 95 Mo. 415, 8 S. W. 383. The trial "includes every step taken after issue of fact is joined for the purpose of a determination of that issue, in the court where the cause is pending up to and including the verdict upon such issue." 8 Cal. Jur. 193; People v. Turner, 39 Cal. 370; People v. White, 5 Cal. App. 329, 90 Pac. 476. In this court it has been determined that in criminal cases "a trial does not begin until

the jury is impanelled." State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052. As said in State v. Jochin, 55 N. D..313, 316, 213 N. W. 484 "there was no trial, and there was no need of a trial. The defendant entered a plea of guilty." The entering of a plea of guilty does not raise an issue of fact, and the taking of a plea of guilty is not the trial of an issue of fact. If it were and the passing of sentence thereafter be a trial then there could be no plea of guilty because of provisions which require trial by jury, and provide the same cannot be waived in a case of felony. As said in Re Dawson, 20 Idaho, 178, 35 L.R.A.(N.S.) 1146, 117 Pac. 699, a trial in criminal cases "means an issue of fact—that is, an issue of fact presented by the plea of the accused—in which case, if the offense charged be a felony, a jury cannot be waived." A plea of guilty is not a waiver of a trial by jury. It is an admission rendering a trial by jury unnecessary. See People v. Noll, 20 Cal. 164; People v. Lennox, 67 Cal. 113, 7 Pac. 260, 6 Am. Crim. Rep. 542. Thus taking a plea of guilty is not "trial" in the sense in which this word is usually used.

It is true that in People ex rel. Burke v. Fox, 150 App. Div. 114, 134 N. Y. Supp. 642, and affirmed in 205 N. Y. 490, 99 N. E. 147, it is said "a conviction upon a plea of guilty is as much a trial as is a conviction upon evidence taken." But the issue in this case was whether the lower court was such as could be open on the first day of the week for the trial and determination of issues within its jurisdiction. The court was concerned in determining whether the law which compelled said court to be open certain days and permitted the judge to keep it open the remainder of the week was of such a character as would allow the court to take the plea of guilty and pass judgment on the first day of the week. The court held that for such purposes of trial the arrest and presence of the defendant before the court with the plea of guilty and the announcing of sentence were such proceedings as were permissible. We find no case which holds that defendant's admission of guilt as charged is a trial of an issue of fact, and so it was proper to receive a plea of guilty, if the defendant were competent to enter such a plea.

However a serious point is raised affecting the sufficiency of the information. The defendant is charged with having set fire to the barn of a neighbor while prowling around through the country. No-

where in the information is it stated, either in the language of the statute or otherwise, that the burning was done maliciously or with malice, and therefore the information is insufficient to charge the crime of arson under the provisions of §§ 9849 and 9864 of the Compiled Laws defining arson in any degree. See State v. Mutschler, 55 N. D. 120, 212 N. W. 832. The judgment is reversed and the case is remanded to the district court for further proceedings in accordance with law.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.