[File No. Crim. 206]

STATE EX REL. NELS G. JOHNSON, Attorney General, and L. G. THOMPSON, Superintendent of the State Training School, Plaintiff, v. L. C. BRODERICK, Judge of the District Court of Morton County, Defendant.

IN RE NEMMERS.

(27 NW2d 849)

344

Opinion filed April 28, 1947.   Rehearing denied June 27, 1947.

*Nels G. Johnson,* Attorney General, *I. A. Aker, P. O. Sathre* and *C. E. Brace,* Assistant Attorneys General, for Relators.

*Murray & Murray,* for defendant.

CHRISTIANSON, Ch. J. The Attorney General, appearing for the State of North Dakota and the above named relator, L. G. Thompson, as superintendent of the State Training School, has applied to this court for a supervisory writ to review the action and decision of the Honorable L. C. Broderick as judge of the district court of Morton County in a certain habeas corpus proceeding brought by the above named Norman Nemmers against L. G. Thompson as superintendent of the State Training School. The material facts are substantially as follows.

A petition for a writ of habeas corpus was presented to the Honorable L. C. Broderick, one of the judges of the Sixth Judicial District in the State of North Dakota, by and on behalf of the above named Norman Nemmers. The petition was signed by the attorney for said Norman Nemmers and verified by such attorney on information and belief. In such petition it is alleged:—

"That he the said Norman Nemmers, is unlawfully imprisoned, detained and restrained of his liberty by L. G. Thompson, Super-

intendent of the State Training School, at the State Training School, in the city of Mandan and county of Morton, North Dakota.;

That the cause or pretense of said imprisonment, detention and restraint, according to the best knowledge and belief of Petitioner, is a purported Commitment to the State Training School, signed by W. A. Jacobsen, Judge of the Fifth Judicial District, signed at Williston, North Dakota, on March 11th, 1946, a copy of which is annexed hereto;

That said imprisonment, detention and restraint of petitioner, are illegal, and the illegality consists of the following:

First, that petitioner was deprived of his liberty without due process of law in violation of the Constitution of North Dakota and of the United States; that he was not granted the right of counsel to which he was entitled under said constitution; nor informed of such right; that he was not informed of his right to have witnesses attend in his behalf;

Second, that petitioner was never given a preliminary hearing before a magistrate as provided by statute; nor did he waive his right to said preliminary hearing;

Third, that the information under which petitioner was proceeded against did not state facts sufficient to constitute the crime of grand larceny;

Fourth, that at the arraignment of said petitioner, as shown by the minutes of the clerk of court, petitioner was not informed of his right to have counsel nor asked if he desired counsel, as provided by statute; that at no subsequent stage of the proceeding was plaintiff assigned counsel, informed of his right to have counsel, or asked if he desired counsel;

Fifth, that at the arraignment of said petitioner, as shown by the minutes of the clerk of court, petitioner did not plead guilty to the charge in the information; but according to said minutes, 'enters his plea of guilty to the charge of grand larceny'; that such plea did not comply with the statute; that there is no showing how the petitioner pleaded to the information;

Sixth, that at the time of said arraignment, petitioner was eighteen years old, and not in a position to know or judge irregularities in the proceeding; nor of his constitutional or statutory rights.

That no prior application has been made for a writ of habeas corpus in regard to the detention or restraint complained of in this application;"

The material part of the commitment to the State Training School attached to the petition reads as follows:—

"Be it known, That the above entitled matter came before the Court by the filing of a criminal Information by the State's Attorney of the above named County, upon which the Defendant was charged with the crime of Grand Larceny in Williams County, North Dakota, and duly arraigned, and to which charge the Defendant pleaded guilty; and this being the time for pronouncing sentence, and the Defendant being informed by the Court of the nature of the charge against him, and of his plea of guilty thereto, and being asked whether he has any legal cause to show why judgment should not be pronounced against him, and no cause being shown; and it appearing to the Court that the Defendant was eighteen years of age on November 14, 1945, and it appearing to the Court that the Defendant is a proper subject for commitment to the State Training School, and that the same should be done, now, therefore, it is

Ordered, in lieu of judgment, that the Defendant above named be and he hereby is committed to the State Training School at Mandan, North Dakota, until he attains the age of twenty-one years, to-wit, until November 14, 1948."

Upon presentation of the petition, Judge Broderick issued a writ of habeas corpus commanding L. G. Thompson, superintendent of the State Training School, to have the body of the said Norman Nemmers before the said Judge Broderick at a time and place fixed in the writ. Pursuant to the writ the said L. G. Thompson appeared with the said Norman Nemmers and filed his return to the said writ of habeas corpus duly verified by him, wherein he stated:—

"1. The undersigned is the duly appointed, qualified, and acting Superintendent of the State of Training School located at Mandan, North Dakota, and as such, he has the said Norman Nemmers in his custody and under his restraint;

2. That he has the said party in his custody and under his restraint by authority of a Commitment to the Training School based on Information in District Court issued out of the District Court in and for the County of Williams in said State on the 11th day of March, 1946, a copy of which order and commitment, marked Exhibit 'A' is hereto annexed and hereby made a part hereof; and the undersigned will produce and exhibit the original thereof to said Judge L. C. Broderick upon the hearing of this Return."

The attorney who had signed and verified the petition for the writ appeared as attorney for Nemmers and Assistant Attorney General, C. E. Brace, appeared as attorney for said L. G. Thompson, superintendent of the State Training School, the defendant in said habeas corpus proceeding. The Assistant Attorney General stated that the said defendant, Thompson, desired to file the original commitment which had been delivered to the defendant, superintendent of the State Training School, at the time the plaintiff, Nemmers, was delivered into his custody. Thereupon the attorney for the plaintiff, Nemmers, offered in evidence a certified copy of the criminal complaint charging Nemmers with the crime of grand larceny, which criminal complaint had been filed in the justice's court of A. L. Butler, justice of the peace in Williams County, North Dakota, on January 22, 1946.

The attorney for Nemmers also offered in evidence a certified copy of the warrant of arrest that had been issued by the said justice of the peace upon said criminal complaint; a certified copy of the clerk's minutes of the proceedings had in the district court, upon the arraignment of Nemmers; a certificate of the clerk of the district court of Williams County to the effect that a justice's return of a preliminary examination of said Nemmers had not been filed in the office of the clerk of the district court; and also a transcript of certain testimony of

Norman Nemmers given before the trial judge on January 31, 1946.

The clerk's minutes of the proceedings had upon the arraignment of Nemmers read as follows:—

"Jan. 24–1946—Defendant present in person and all officers present. Motion by State's attorney for arraignment of defendant. Motion granted also to file Criminal Information against Defendant. Criminal Information read by State's Attorney Walter O. Burk, charging the defendant with the crime of grand larceny. Defendant enters his plea of guilty to the charge of grand larceny. Continued to 10 A.M. tomorrow.

Peter J. Erickson, Clerk

Case continued March 11–1946. Order in lieu of Judgment to be issued. Committed to the Training School until he is 21 years of age by Hon. W. A. Jacobsen, District Judge on March 11, 1946.

Peter J. Erickson, Clerk"

A. L. Butler, the justice of the peace before whom the criminal complaint had been filed and who had issued the warrant of arrest; and Walter Burk, the State's Attorney of Williams County who had subscribed and verified the criminal information which was filed in the district court, were called as witnesses by the defendant, Thompson. The witness Butler produced and identified the original criminal complaint which had been filed with him, and the orders endorsed thereon, and the original warrant of arrest with the return thereon; also, his docket and the entries made in such docket in the criminal action of the State of North Dakota against Norman Nemmers. The entries in the docket read as follows:—

"Complaint having been made before me on Jan. 22, 1946, by Edw. Hamann, charging the defendant with the crime of Grand Larceny, warrant for the arrest of defendant was issued and delivered to the Sheriff for execution.

Defendant was arrested and brought before me and complaint was read and he was informed of his rights.

Defendant waived examination, and it is ordered that he be held to answer in District Court, and that he be admitted to bail

in the sum of $500.00 and that he be committed to the Sheriff of Williams County until such bail is given.

A. L. Butler,
Justice of the Peace."

There was endorsed on the criminal complaint the following orders:—

"It appearing to me that the offense in the within complaint mentioned ................... has been committed and that there is sufficient cause to believe the within named Norman Nemmers guilty thereof, I order that he be held to answer the same.

1/22/46                                 A. L. Butler
Justice of the Peace, Examining Magistrate."

"And that he is admitted to bail in the sum of 500.00 Dollars, and be committed to the Sheriff of Williams County, North Dakota, until said bail is given.

1/22/46                                 A. L. Butler
Justice of the Peace, Examining Magistrate."

The justice of the peace, Butler, testified that Norman Nemmers was brought before him on the same day that the criminal complaint was made and the warrant of arrest issued; that he, Butler, told Nemmers that he was charged with grand larceny, "and asked him if he had an attorney and he said no and I asked him if he wanted to get an attorney and he said he didn't see any use in it, he was guilty, so I proceeded to read the Complaint, after reading the Complaint I informed him that he was entitled to a preliminary hearing, to a change of venue or to waive examination, asked him if he knew what that meant and he said no, which I think was right and I explained to him then what a preliminary hearing was and also what a change of venue meant, that if he was not satisfied he could take it before another Justice and to waive examination he could waive any hearing and go into the District Court. Well, he said he was guilty, I said then there is only one thing to do, you can't enter a plea of guilty here, it is beyond the jurisdiction of this court, I says, you can waive examination and then go right before the District Court and enter your plea there right away, if you want

to and he said alright and that was done. Then I ordered that he be held to answer in the District Court and be admitted to bail" in the sum of $500.00. Butler further testified that he then made the endorsements heretofore set forth on the back of the criminal complaint.

On cross-examination Nemmers's attorney called Butler's attention to the entry in the justice's docket,—that he (Nemmers) "was informed of his rights"; and that there was no statement of the particular information or admonitions given to Nemmers. Butler testified that it was not his practice to state this in detail but that he did advise Nemmers of his rights as formerly enumerated by Butler; that that was his constant practice; and that he knows that he did so in this particular case. He testified that he did not make any return of the preliminary examination to the clerk of the district court or deliver to him any of the papers in the action.

The State's Attorney Burk testified that he was present at the preliminary examination and he corroborated the testimony of the justice of the peace, Butler, as to what then transpired and as to the statements which Butler testified that he had made to Nemmers. Burk produced and identified the original criminal information filed against Nemmers in the District Court of Williams County on January 24, 1946. Burk testified that at the time he filed a criminal information in the district court he made no examination as to whether the justice of the peace had made a return to the district court.

The Assistant Attorney General offered and there were received in evidence the entries in the justice's docket; the original criminal complaint and warrant of arrest which had been identified by the justice of the peace, Butler, in the course of his testimony; the original criminal information which had been referred to and identified by the State's Attorney Burk in his testimony; also, a transcript of the proceedings had in the district court upon the arraignment of Norman Nemmers.

Such transcript of the proceedings had in the district court recites:—

"The above entitled action came on for trial before the

Court, the Honorable W. A. Jacobsen, Judge, presiding, in District Court Chambers in the Courthouse in Williston, Williams County, North Dakota, on Thursday, January 24, 1946, at 10:15 a.m.; State's Attorney Walter O. Burk appearing on behalf of the Plaintiff, and the Defendant appearing in person, without counsel. Also present at said hearing were Peter J. Erickson, Clerk of the District Court, and Edward Hamann, Deputy Sheriff of Williams County, North Dakota. Thereupon, the following proceedings were had:

The court:

What have we on the book this morning?

Mr. Burk:

This boy who was eighteen last November wants to plead guilty to the crime of Grand Larceny. He is charged with stealing an antomobile wheel, a pair of chains, and a tire tube from the Deputy Sheriff.

Examination of Norman Nemmers by the court:

Q. Are you Mr. Nemmers?

A. Yes.

Q. You heard what the State's Attorney said?

A. Yes.

Q. How old are you?

A. Eighteen.

Q. Do you have an attorney?

A. No.

Q. Do you intend to get one?

A. No.

Q. You understand you have a right to have a lawyer if you want one?

A. Yes.

Q. You are ready to proceed without a lawyer?

A. Yes."

The transcript shows that thereupon the State's Attorney asked leave to file a criminal information charging Norman Nemmers with the crime of grand larceny and that the court granted the motion. The transcript further shows that there-

after the State's Attorney moved that the defendant be arraigned and that the court directed that the defendant be given a copy of the information; that a copy of the information was handed to him; that the information was read by the State's Attorney; and that thereupon the following took place:—

"The court:

Mr. Nemmers, you heard the State's Attorney read the Information. What is your plea, guilty or not guilty?

Mr. Nemmers:

Guilty.

The court:

The Clerk's records will show that the Defendant entered a plea of guilty to the crime charged in the Information, Grand Larceny."

The court thereupon inquired as to the date of birth of defendant and the spelling of his name.

At the conclusion of the hearing of the habeas corpus proceeding the court granted permission to the respective parties to file briefs and remanded Nemmers to the custody of L. G. Thompson, superintendent of the State Training School, the defendant in such proceeding. Thereafter the trial judge filed a written decision wherein he announced that "the court is of the opinion that the imprisonment of Norman Nemmers in the State Training School at Mandan, North Dakota is without authority of law and in violation of the constitution of the United States and of the State of North Dakota, and that the said Norman Nemmers is entitled to have his liberty.

The attorneys for the petitioner, Norman Nemmers, may prepare an appropriate order in conformity herewith. In the meantime, before such order is signed, the Attorney General of the State of North Dakota is directed to notify the State's Attorney and Sheriff of Williams County, North Dakota that such an order for the release of said Norman Nemmers is to be signed by this court, in order that they may have an opportunity to proceed accordingly."

Shortly after the decision had been filed the Attorney General presented to this court a petition setting forth the proceedings that had been had before Judge Broderick and the decision announced by him and asked that this court exercise its constitutional power of superintending control in the matter.

This court thereupon issued its order directing the said Judge Broderick to show cause before this court at the time and place stated in such order why the order and decision so made by said Judge Broderick should not be set aside, and further directing the said Judge Broderick to certify to this court all papers and documents in the case and a transcript of all the testimony upon which the action and decision of the trial court was based. The order further directed that copies of such order and of the petition of the Attorney General be served upon the said Judge Broderick and upon the attorneys of record for the said Norman Nemmers. On the return day the attorneys of record for the plaintiff, Nemmers, in the court below appeared as attorneys for Judge Broderick, and filed a motion to quash the order to show cause and for a dismissal of the proceedings in this court, and also filed a return certifying all the papers and the evidence, including a transcript of the testimony adduced upon the hearing before Judge Broderick, in accordance with the direction of the order to show cause.

The motion to quash the order to show cause is based on the ground that inasmuch as no order for the release of said Norman Nemmers had been signed or entered, the order to show cause was issued prematurely.

Counsel for the defendant has apparently confused the superintending jurisdiction of this court with its appellate jurisdiction. The appellate jurisdiction is the power vested in this court to review and revise the judicial action of an inferior court which is evidenced by an appealable order made by the inferior court or by a judgment rendered by such court. Until a written order has been made or a judgment rendered there would, of course, be no basis for an appeal.

The supervisory jurisdiction was granted to meet emergencies to which the appellate jurisdiction and the original

jurisdiction vested in this court are not commensurate. State ex rel. Jacobson v. District Ct. 68 ND 211, 219, 277 NW 843; State ex rel. Whiteside v. First Judicial Dist. Ct. 24 Mont 539, 552, 63 P 395, 400.

As has been pointed out by this court in many cases, the constitution vests in this court three separate grants of jurisdiction: (1) Appellate jurisdiction; (2) superintending control over inferior courts; and (3) original jurisdiction to be exercised by means of certain prerogative writs for the purpose of protecting the sovereignty of the state, preserving the liberty of the people, and securing the rights of its citizens; and (4) empowers this court to issue such writs as may be necessary to the proper exercise of the several grants of jurisdiction. ND Const §§ 86, 87; State ex rel. Moore v. Archibald, 5 ND 359, 361, 66 NW 234; State ex rel. Lemke v. District Ct. 49 ND 27, 38, 186 NW 381; State ex rel. Jacobson v. District Ct. 68 ND 211, 218, 277 NW 843.

The constitution in express terms vests this court with *"a general superintending control over all inferior courts* under such regulations and limitations as may be prescribed by law." ND Const § 86.

"According to Webster's New International Dictionary control is 'power or authority to control.' And to superintend is to 'have or exercise the charge and oversight of; to oversee with power of direction; to supervise.' The powers conferred and the duties imposed upon this court by the constitution are as broad as the words of the grant of power imply. That is, it is the power, and corresponding duty, to exercise, in the interests of justice, 'a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law.'" State v. First State Bank, 52 ND 231, 257, 202 NW 391.

The power of superintending control is a separate and independent jurisdiction which enables and requires this court in a proper case to control the course of ordinary litigation in a district court so as to prevent injustice in cases where there is no appeal or the remedy by appeal is inadequate. State ex

rel. Lemke v. District Ct. 49 ND 27, 186 NW 381; State v. First State Bank, 52 ND 231, 258, 259, 202 NW 391.

The supervisory or superintending jurisdiction "has its own appropriate functions, and, . . . one of them is to enable this court *to control* the course of litigation in the inferior courts where these courts are proceeding within their jurisdiction, but by mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate. Under such circumstances, the case being exigent, no relief could be granted under the other powers of this court, and a denial of a speedy remedy would be tantamount to a denial of justice." State ex rel. Whiteside v. First Judicial Dist. Ct. 24 Mont 539, 562, 563, 63 P 395, 400; State ex rel. Lemke v. District Ct. 49 ND 27, 186 NW 381, supra; State ex rel. Jacobson v. District Ct. 68 ND 211, 277 NW 843, supra.

The power of general superintending control over inferior courts was vested in the Supreme Court to assure a corrective remedy where an inferior court refuses to act within its jurisdiction, acts injudiciously or erroneously within its jurisdiction, or acts beyond its jurisdiction, to the serious prejudice of any party, and where there is no adequate remedy for the review and correction of such erroneous and prejudicial acts. State ex rel. Jacobson v. District Ct. (ND) supra.

"The power (the power of superintending control over inferior courts) expressed in the Constitution is unlimited, save as its exercise may be regulated and limited by statute. The only statute that has been passed in the whole period the Constitution has been in force, which bears directly upon the jurisdiction of superintending control (chapter 118 of the Laws of 1891; Comp Laws 1913, § 7339; ND Rev Code 1943, § 27–0204) in no way limits or restricts the power. On the contrary it seems to place the entire responsibility for the proper exercise of superintending jurisdiction in the court, for it says (§ 7339): 'And in its superintending control over inferior courts it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction.' It is for the court, then, to determine when a proper case is presented for the exercise

of its superintending control." State ex rel. Shafer v. District Ct. 49 ND 1127, 1130, 1131, 194 NW 745.

"With the superintending control and the attendant writs this court took all the power necessary to make that control and those writs effective, and its arm is not nerveless because no writ may be found in the form books so framed as to meet the emergency. The writ may be framed to meet the exigencies of the case." State ex rel. Fourth Nat. Bank v. Johnson, 103 Wis 591, 624, 79 NW 1081, 51 LRA 33; State ex rel. Shafer v. District Ct. (ND) supra.

"When a proper case arises for the exercise of this power, the writ necessary to fit the case may take the nature of a command or of a prohibition, or, to enable the court to determine its character, it may be found necessary to issue a preliminary writ requiring records to be certified up, and this may be done." State ex rel. Red River Brick Corp. v. District Ct. 24 ND 28, 32, 138 NW 988.

The power of superintending control will not be exercised upon light occasions or where there is adequate remedy by appeal or otherwise. In this state no appeal lies from a decision in a habeas corpus proceeding. State ex rel. Bismarck v. District Ct. 64 ND 399, 253 NW 744. But the action of a district court in such proceeding may be reviewed and controlled through the exercise of the power of superintending control even though the trial court has entered a final order discharging the petitioner. State ex rel. Bismarck v. District Ct. (ND) supra; Re Zimmer, 64 ND 410, 253 NW 749. See also State ex rel. Shafer v. District Ct. 49 ND 1127, 194 NW 745, supra; State ex rel. Covington v. Hughes, 157 La 652, 102 So 824; State ex rel. Barker v. Wurdeman, 254 Mo 561, 163 SW 849; State ex rel. Carroll v. District Ct. 50 Mont 428, 147 P 612; Tate v. Tate, 163 La 1047, 113 So 370; State ex rel. Atty. Gen. v. Williams, 97 Ark 243, 133 SW 1017.

Erroneous action by the inferior court will not be anticipated but the power of superintending control does not remain shackled until the inferior court has entered a final order or judgment. On the contrary, the power is frequently invoked to

restrain action by the inferior court. State ex rel. Whiteside v. First Judicial Dist. Ct. 24 Mont 539, 63 P 395, supra; State ex rel. Red River Brick Corp. v. District Ct. 24 ND 28, 138 NW 988, supra; State ex rel. Lemke v. District Ct. 49 ND 27, 186 NW 381, supra; Prison Comrs. v. Crumbaugh, 161 Ky 540, 170 SW 1187; State ex rel. Lucia v. Monson, 55 ND 892, 215 NW 680; State ex rel. Fourth Nat. Bank v. Johnson, 103 Wis 591, 624, 79 NW 1081, 51 LRA 33.

When, as here, the district court has definitely announced its decision and its purpose to proceed to enter a final order for the discharge of the petitioner in a habeas corpus proceeding, those charged with the duty of enforcing the laws of the state and with the custody of the person who has been imprisoned for crime, and who is about to be discharged by such order, are not required to sit idly by until the court has entered the order for discharge and the person has been released. In such case the power of superintending control will not be held in abeyance or suspended in anticipation that the trial court may change its mind. Abelleira v. District Ct. 17 Cal2d 280, 295, 109 P2d 942, 132 ALR 715. The decision of the trial court evidences a definite and positive purpose to enter an order for the discharge of the petitioner for the writ of habeas corpus, and the return filed in this court does not indicate that the court has any intention or purpose other than to enter such order. Obviously, if Nemmers is not entitled to such discharge, the entry of such order would result in gross injustice and in prejudice to the state.

We are agreed that a case is presented here requiring that this court in the exercise of its power of superintending control review the action of Judge Broderick.

This brings us to the merits of the controversy. Before entering into a discussion of the questions raised by the allegations of the petition for a writ of habeas corpus and an additional question raised by the trial judge in his memorandum decision, it seems desirable to consider the scope of inquiry and the rules which must be applied in the determination of an application for a writ of habeas corpus.

It is well settled that the writ of habeas corpus cannot be utilized as a substitute for an appeal or writ of error to review the correctness of the acts of a court that was acting within its jurisdiction. The inquiry in a habeas corpus proceeding is limited to questions of the jurisdiction of the trial court. Reichert v. Turner, 62 ND 152, 157, 242 NW 308, 310; Ryan v. Nygaard, 70 ND 687, 297 NW 694; Mazakahomni v. State, ante, 73, 25 NW2d 772; Knewel v. Egan, 268 US 442, 69 L ed 1036, 45 S Ct 522; Woolsey v. Best, 299 US 1, 81 L ed 3, 57 S Ct 2; State ex rel. Smith v. Lee, 53 ND 86, 205 NW 314; Cook v. State, 54 ND 178, 208 NW 977; Re Cook, 54 ND 193, 209 NW 231; Church, Habeas Corpus, 2d ed, § 363 et seq; ND Rev Code 1943, §§ 32-2202, 32-2217.

" 'To have jurisdiction is to have Power to inquire into the facts and apply the law.' . . .

"A court has jurisdiction of the cause when the laws of the sovereignty in which the tribunal exists grants it power over the subject matter, and to adjudge concerning the general question involved. Bouvier's Law Dictionary 1760; Hunt v. Hunt, 72 NY 217, 28 Am Rep 129. . . .

"When a court has jurisdiction of a cause and of the parties, it does not lose jurisdiction because it makes a mistake in determining either the facts or the law, or both. Jurisdiction does not depend upon the correctness of the decision made. People ex rel. Raymond v. Talmadge, 194 Ill 67, 61 NE 1049, 1050; Sherer v. Superior Ct. 96 Cal 653, 31 P 565. The United States Supreme Court has said that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all (Ex parte Watkins, 7 Pet (US) 568, 572, 8 L ed 786, 788); that 'jurisdiction is authority to decide the case either way.' The Fair v. Kohler Die & Specialty Co. 228 US 22, 25, 57 L ed 716, 717, 33 S Ct 410, 411. Other courts have said: 'Jurisdiction is the power to hear and determine a cause, and carries with it the power to decide a cause within the jurisdiction of the court incorrectly as well as correctly, and it does not relate to the rights of the parties, but to the power of the court.' Dahlgren

.v. Superior Ct. 8 Cal App 622, 97 P 681. 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' Lake County v. Platt (CCA8th) 79 F 567." Reichert v. Turner, 62 ND 152, 157, 158, 242 NW 308; Ryan v. Nygaard, 70 ND 687, 297 NW 694.

In the petition for the writ of habeas corpus it is alleged that Norman Nemmers is unlawfully imprisoned and restrained of his liberty because he "was never given a preliminary hearing before a magistrate as provided by statute; nor did he waive his right to said preliminary hearing".

We are of the view that the facts thus stated do not constitute a ground for release on habeas corpus.

A defendant in a criminal action has no constitutional right to a preliminary examination. Such "right is granted by statute only, and hence it necessarily follows that it is dependent upon and limited by the statutory provisions relative thereto". State v. Hart, 30 ND 368, 373, 152 NW 672.

ND Rev Code 1943, § 29-0726 provides that the magistrate before whom a preliminary examination has been conducted "immediately must deliver to the district court of the county the warrant, if any, the complaint, the deposition of all the witnesses examined before him, if any have been taken, and exhibits, and all undertakings of bail or for the appearance of witnesses taken by him, together with a certified copy of the record of the proceedings as it appears on his docket." It is conceded that in this case such papers were not delivered to the district court prior to the arraignment and the sentence of Nemmers.

ND Rev Code 1943, § 29-0902, provides:—"During each term of the district court held in and for any county in this state at which a grand jury has not been summoned and empaneled, the state's attorney of the county, or any other person appointed by the court, as provided by law, to prosecute a criminal action, shall file an information as the circumstances may re-

quire against any person accused of having committed a crime or public offense within such county, or one triable therein:—

1. . . . ;

2. . . . ;

3. When a person accused of a crime or public offense is arrested and waives, in writing, or if before a magistrate, orally, a preliminary examination therefor, *but the fact that a preliminary examination was neither had nor waived shall not invalidate an information unless the defendant shall object to such information because of such fact before entering his plea."*

ND Rev Code 1943, § 29–1404, 3b, makes it a ground for motion to quash an information that "The defendant was entitled to a preliminary examination before a magistrate before the filing of such information, but has not had such examination, and has been held to answer before the district court, and has not waived such examination in writing or orally before a magistrate". .

A subsequent section (ND Rev Code 1943, § 29–1412) provides:

"If the defendant does not move to quash the indictment or information before he pleads thereto, he shall be taken to have waived all objections which are grounds for a motion to quash except those which also are grounds for a motion in arrest of judgment."

(It is not a ground for a motion in arrest of judgment that the defendant in a criminal action who was entitled to a preliminary examination neither has had nor waived such examination. ND Rev Code 1943, § 29–2502.)

It seems clear that the right to a preliminary examination is waived unless the defendant, before entering plea, makes objection to the criminal information as provided by the statute on the ground that he has neither had nor waived a preliminary examination; and this court has so ruled in several cases. See State v. Hart (ND) supra; State v. Lennick, 47 ND 393, 182 NW 458; State v. Schook, 57 ND 401, 222 NW 267; State v. Fradet, 58 ND 282, 225 NW 789.

In this state the district court has exclusive, original jurisdiction of all criminal actions for felony. State ex rel. Neville v. Overby, 54 ND 295, 209 NW 552. It is the only court that has jurisdiction to try a criminal action wherein the defendant is charged with the commission of a felony, or to accept a plea of guilty of a defendant in such action, or to render judgment or pronounce sentence upon a defendant in such action. ND Const §§ 85, 86, 87, 103, 111, 112. See also Re Stricker, 62 ND 215, 242 NW 912.

Whether a defendant in a criminal action is entitled to a preliminary examination or has had or waived a preliminary examination are questions properly determinable by the court that has jurisdiction of the criminal action, and the court's ruling on such question is one within the court's jurisdiction and is not reviewable by habeas corpus.

In State ex rel. Peterson v. Barnes, 3 ND 131, 54 NW 541, this court said:—"The writ of habeas corpus will not lie in behalf of a prisoner confined in execution upon a criminal judgment as a means of reviewing errors of procedure occurring upon the trial. Such errors can be reviewed in this state only by the writ of error. This doctrine has long since passed beyond the domain of debate, and is reckoned among the fundamentals of the law of procedure. See Semlar's Petition, 41 Wis 518; Elsner v. Shrigley, 80 Iowa 30, 45 NW 393; Re Ellis, 79 Mich 322, 44 NW 616; Ex parte Ah Sam, 83 Cal 620, 24 P 276; Ex parte Siebold, 100 US 375, 25 L ed 718; Wood v. Brush, 140 US 278, 35 L ed 505, 11 S Ct 738; Re Thompson, 9 Mont 381, 23 P 933; Ex parte Max, 44 Cal 579.

It is quite clear that the question whether a prisoner accused of a crime by information filed in the District Court has had or waived a preliminary examination for the same crime is a question of procedure, pure and simple. The point presented for decision may involve questions of fact alone, or of law alone, or of both law and fact. From nature of the question, it can only arise upon the trial of the action, and it must be presented to a court which has full authority to decide the question in common with all questions arising at the trial. The question

in this case arose at the trial after an arraignment upon the information in a court possessing full jurisdiction over the subject matter and over the person of the accused. The ruling of the District Court in such a case may be correct or it may be erroneous. In either event, from the nature of the case, the authority to rule is unassailable." State ex rel. Peterson v. Barnes, 3 ND 131, 137, 138, 54 NW 541.

Upon the hearing and in his decision the trial judge called attention to ND Rev Code 1943, § 29–0903, which reads as follows:—

"Whenever any state's attorney shall present to the district judge his statement in writing, duly verified, that an accused held for trial after preliminary examination or waiver thereof desires forthwith to enter a plea of guilty, said statement, when accompanied by a written confession of guilt of the person accused of said crime, duly signed by the person so accused, shall constitute the authority of the district judge to order the state's attorney of the county wherein said defendant is held for trial forthwith to file a criminal information against such person with the clerk of the district court of such county."

In his decision he said:—"The fact that the Justice of the Peace failed to deliver to the District Court, at any time, a certified copy of his docket entries, together with the Warrant and Complaint, and also in view of the further fact that the State's Attorney prior to the arraignment of the defendant, did not present to the District Judge his statement in writing accompanied by a written confession of guilt, signed by the defendant, this court is of the opinion that the Judge of the District Court of Williams County, had no authority to order a filing of the Information in this case or to receive the plea of 'guilty' and that, therefore, he did not have jurisdiction to arraign the defendant or to receive his plea."

We are of the view that the conclusions thus reached by the trial court are erroneous, and are based upon a mistake of law. As has been pointed out, under the provisions of the constitution, the district court was the only court that had jurisdiction to try the criminal action in question. It was the only court

that had jurisdiction to receive and file the information, to accept a plea of the defendant, or to pronounce sentence upon him. It was incumbent upon that court in the exercise of its jurisdiction to rule upon and decide such questions of law and of fact as would arise in the trial court. It would be necessary for the district court in the exercise of its jurisdiction to construe the applicable procedural statutes, and to determine whether an information should be filed (State ex rel. Peterson v. Barnes (ND) supra), whether the information conformed to the requirements of the law, and contained sufficient allegations of the crime purported to be charged therein. Ex parte Yarbrough, 110 US 651, 28 L ed 274, 4 S Ct 152; Re Gregory, 219 US 210, 55 L ed 184, 31 S Ct 143; Reichert v. Turner, 62 ND 152, 242 NW 308; Ryan v. Nygaard, 70 ND 687, 297 NW 694. These are questions "which must necessarily be decided by the court in which the case originates and is, therefore, clearly within its jurisdiction." Ex parte Yarbrough, 110 US 651, 28 L ed 274, 4 S Ct 152; State ex rel. Peterson v. Barnes, 3 ND 131, 54 NW 541; and Ryan v. Nygaard, 70 ND 687, 297 NW 694, all supra.

If in ruling on any of these questions the trial court made an incorrect decision that would constitute an "error of law made by a court acting within its jurisdiction", which could be reviewed and corrected on appeal, "but which cannot be looked into on a writ of habeas corpus limited to an inquiry into the existence of jurisdiction on the part of that court." Ex parte Yarbrough (US) and Ryan v. Nygaard (ND) both supra.

However, we are of the opinion that § 29-0903, supra, does not have the meaning and effect attributed to it by the trial court. That section does not apply where an information is filed against a defendant in the county in which he is held for trial. It applies only in cases where the defendant is arraigned in some county other than the one in which he is being held for trial. State v. Pedie, 58 ND 27, 224 NW 898.

Section 29-0903, supra, covers only a part of the subject to which it relates. That section, the preceding section (29-0902), and the section following it (29-0904) were taken from, and constitute a re-enactment of, Comp Laws 1913, § 10628. In

other words, in the Revised Codes of 1943, Comp Laws 1913, § 10628 was divided and placed in three separate sections. These sections must be read together.

The provisions of §§ 29–0903 and 29–0904 were originally enacted by Chapter 153, Laws 1911 as an amendment to Rev Code 1905, § 9791. In the Compiled Laws of North Dakota for 1913 the provision added to Rev Code 1905, § 9791 by Chapter 153, Laws 1911 appeared as subdivision 6 of § 10628, Comp Laws 1913. The purpose of the provision as originally enacted by Chapter 153, Laws 1911 was clearly set forth in the emergency clause in said chapter as follows:—

"Whereas, the present laws of this state relating to prosecution on information does not provide for a plea of guilty being entered by a defendant in a criminal action except in open court in the county in which the crime has been committed, therefore an emergency exists and this law shall be in effect from and after its passage." Laws 1911, Ch. 153, Sec. 2.

Subdivision 6, § 10628, Comp Laws 1913, and its subsequent codification as ND Rev Code 1943, §§ 29–0903 and 29–0904 are set forth in parallel columns as follows:—

Comp Laws 1913, § 10628, Subd 6.

"6. Whenever any state's attorney shall present to the district judge his statement in writing, duly verified, that an accused held for trial after preliminary examination or waiver thereof desires to forthwith enter a plea of guilty said statement when accompanied by a written confession of guilt of the person so accused of said crime, duly signed by such person so accused, shall be sufficient upon which such district

ND Rev Code 1943, §§ 29–0903 and 29–0904.

§ 29–0903. "Whenever any state's attorney shall present to the district judge his statement in writing, duly verified, that an accused held for trial after preliminary examination or waiver thereof desires forthwith to enter a plea of guilty, said statement, when accompanied by a written confession of guilt of the person accused of said crime, duly signed by the person so accused, shall constitute the authority of the dis-

judge in his discretion may order the state's attorney of the county wherein said defendant is held for trial to forthwith file a criminal information against such person with the clerk of the district court of such county; and such clerk when such information is presented may file the same and such information when so presented and filed shall be as valid as though the same was filed in open court during a term of court for said county duly called and convened; provided, that after the filing of said information by such clerk the defendant and state's attorney may appear with such clerk in district court chambers before the judge anywhere within the judicial district of which such county in which such information is filed is a part, and said district judge may thereupon arraign said defendant and receive defendant's plea of guilty and pronounce final judgment and sentence thereon with the same force and effect as though the same were done in open court in the county in which such information was so filed with such clerk. And such clerk shall keep his minutes and records and enter judgment and

trict judge to order the state's attorney of the county wherein said defendant is held for trial forthwith to file a criminal information against such person with the clerk of the district court of such county."

§ 29–0904. "When an information is presented, as is provided in section 29–0903, the clerk may file the same, and when presented and filed it shall be as valid as though the same were filed in open court during a term of court for said county duly called and convened. After the filing of the information by such clerk, the defendant and state's attorney may appear with the clerk in district court chambers before a judge anywhere within the judicial district of which such county is a part and said district judge thereupon may arraign the defendant and receive the defendant's plea of guilty and pronounce final judgment and sentence thereon with the same force and effect as though the same were done in open court in the county in which such information was filed. Such clerk shall keep his minutes and records and shall enter judgment and sentence in

sentence in the records of his office as otherwise provided by law.

Provided further, that if upon such arraignment without the county in which the information is filed the accused shall not enter a plea of guilty or shall not desire to do so the defendant may be tried thereafter upon said information so filed or another information filed in term time as the state's attorney may elect."

the records of his office as otherwise provided by law. If upon such arraignment without the county in which the information is filed the accused shall not enter a plea of guilty, or shall not desire to do so, the defendant may be tried thereafter upon such information, or another information filed in term time, as the state's attorney may elect."

It will be noted that §§ 29–0903 and 29–0904, supra, are in substance a re-enactment of subdivision 6, § 10628, Comp Laws 1913. Sections 29–0903 and 29–0904 must be read and construed together. There is no valid reason for construing § 29–0903 as a complete and independent measure, and as though the following section did not exist. Not only were these two sections originally embodied in and enacted as one statutory provision, to which an emergency clause was attached, specifically reciting the purpose sought to be accomplished by such measure, but the opening clauses in § 29–0904 show the interdependence of the two sections. Such clauses read:—"When an information is presented, *as is provided in § 29–0903,* the clerk may file the same, . . .". It is true, in the re-enactment certain changes have been made in phraseology and in arrangement. Some words have been omitted and others have been added, and the former subsection 6 has been divided into two separate sections, but the rule and the purpose of the statutory provisions remain the same.

"A mere change of phraseology, or punctuation, or the addition or omission of words in the revision or codification of statutes, does not necessarily change the operation or effect thereof, and will not be deemed to do so unless the intent to make such

change is clear and unmistakable. Usually a revision of statutes simply iterates the former declaration of legislative will. No presumption arises from changes of this character that the revisers or the legislature in adopting the revision intended to change the existing law; but the presumption is to the contrary, unless an intent to change it clearly appears." 59 CJ, pp 894, 895.

"The general presumption obtains that the codifiers did not intend to change the law as it formerly existed. Braun v. State, 40 Tex Crim 236, 49 SW 620, 622; United States v. Ryder, 110 US 729, 740, 28 L ed 308, 4 S Ct 196, 201. Changes made in the revision of statutes by alteration of the phraseology will not be regarded as altering the law unless there is a clear intent so to do." State ex rel. Kositzky v. Prater, 48 ND 1240, 189 NW 334.

"The presumption is that, although the language has been changed in the revision or codification of the statute, it has the same meaning and application as before the revision or codification, and the court is warranted in changing the construction thereof only when that is plainly required in order to conform to the manifest intent of the Legislature." State ex rel. Nimberger v. Bushnell, 95 Ohio St 203, 116 NE 464.

"It is a familiar principle of statutory construction that mere verbal variations in the re-enactment and revision of statutes do not work any modification of meaning, unless the phraseology is so different as to manifest an unmistakable design to that end." Boston & A. R. Co. v. Boston, 275 Mass 133, 175 NE 740.

"In codifying or revising statutes, a mere rearrangement of the sections or parts of a statute, or the placing of portions of what was originally a single section in separate sections, does not change the purpose, operation, and effect thereof unless an intention to do so already (clearly) appears." 59 CJ p 897.

The Supreme Court of the United States said:— "The change of arrangement which placed portions of what was originally a single section in two separated sections cannot be regarded as altering the scope and purpose of the enactment. For it will not be inferred that Congress, in revising and consolidating the

laws, intended to change their effect, unless such intention is clearly expressed." Anderson v. Pacific Coast S. S. Co. 225 US 187, 199, 56 L ed 1047, 1053, 32 S Ct 626.

Not only did the language employed in the original enactment (Laws 1911, Ch 153), and in the 1913 revision (Comp Laws 1913, § 10628) plainly evidence the legislative intent and purpose, but prior to the revision and codification of the laws of this state by Revised Codes of North Dakota of 1943, Subdivision 6, § 10628, Comp Laws 1913 had been construed in State v. Pedie (decided April 9, 1929), 58 ND 27, 224 NW 898, 899, and the meaning thereof determined by the decision of this court. State v. Pedie originated in Bottineau County and involved a crime committed in that county. The defendant was arrested, charged with the crime of arson, waived preliminary examination, and was held to answer to the district court of Bottineau County. "No term of the court had been called, but the next day one of the judges of the district court was in Bottineau and there were present in the court house for the purpose of holding court, the district judge, court reporter, state's attorney, sheriff with the defendant in custody, and defendant's husband, but no counsel for defendant. At that time an information was filed, the defendant arraigned, and after some discussion, wherein the obtaining of counsel was suggested, the defendant entered her plea of guilty, was sentenced to serve four years in the penitentiary and was committed." 58 ND 28, 29, 224 NW 899. The defendant appealed from the judgment of conviction and assigned as error that the criminal information was filed at a time when a term of the district court was not being held and "without the verified statement of the state's attorney as provided by subdivision 6, § 10628 having been filed." After quoting pertinent provisions of said subdivision 6, this court said:—

"This authorizes the filing of the information when the judge is not present, and is a part of the procedure provided for permitting the defendant to consent to proceedings in another county in the same judicial district and accept his punishment without waiting until such time as the judge of the district court

could be present. It is the authority for taking the defendant to another county, an exception to the rule that an information can be filed in term time only.

But under the provisions of Sec. 10399 of the Compiled Laws (NDRC 29-0111) the district court of Bottineau county is 'always open for the purpose of hearing and determining all question, motions and applications of every kind and character in criminal actions or proceedings . . . except issues of fact. . . . But issues of fact in all criminal actions or proceedings must be tried at a regular term of the court in the county . . . in which the same is legally brought or to which the place of trial is changed as provided by law.'

Not only is the district court of Bottineau county always open, but the judge, the reporter, the clerk, and the sheriff were all present, and court was held, even though it was not a regular term. The crime charged is alleged to have been committed in Bottineau county; the defendant was in Bottineau county, the record shows her to be a resident of Bottineau county; the state's attorney filed his information in Bottineau county; and the district court of Bottineau county was open for that purpose. Assuming the defendant was competent to enter a plea, there was no necessity for the state's attorney to file a written statement or written confession of the defendant, before filing the information."

The rule is well settled that "where a statute that has been construed by the courts of last resort has been re-enacted in the same, or substantially the same, terms the legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for." 59 CJ pp 1061–1063.

"A change of phraseology in a revision will not be regarded as altering the law where it had been well settled by plain language in the statutes, or by judicial construction thereof, unless it is clear that such was the intent." McDonald v. Hovey, 110 US 619, 28 L ed 269, 4 S Ct 142; Davis v. Davis, 75 NY 221;

Bigelow v. St. Johnsbury, 92 Vt 423, 105 A 34; Cuthbertson v. Ritchie, 99 Vt 50, 130 A 756.

We are agreed that the construction placed upon subdivision 6, § 10628, Comp Laws 1913 in State v. Pedie, 58 ND 27, 224 NW 898, supra, was correct, and that it remains applicable to ND Rev Code 1943, §§ 29–0903, and 29–0904.

It is also alleged that the imprisonment and detention of Norman Nemmers is illegal because "the information under which petitioner was proceeded against, did not state facts sufficient to constitute the crime of grand larceny." It has not been pointed out in what respect the information is claimed to be insufficient, and it is not apparent from an examination of the information that it is insufficient. In any event, the question of the sufficiency of the information was one for determination by the district court of Williams County.

"Whether a criminal information contains sufficient allegations of the crime purported to be charged therein is a question for determination by the trial court, and where the crime charged is one within the jurisdiction of that court, the court does not lose jurisdiction because it sustains an information which fails to charge with sufficient certainty and fullness some particular fact involved in the crime purported to be charged." Reichert v. Turner, 62 ND 152, 242 NW 308; Ryan v. Nygaard, 70 ND 687, 297 NW 694; and Ex parte Yarbrough, 110 US 651, 28 L ed 274, 4 S Ct 152, all supra; Re Eckart, 166 US 481, 41 L ed 1085, 17 S Ct 638; Re Gregory, 219 US 210, 55 L ed 184, 31 S Ct 143.

It is also contended that the imprisonment and detention of Nemmers is illegal because "at the arraignment of said petitioner, as shown by the minutes of the clerk of court, petitioner was not informed of his right to have counsel nor asked if he desired counsel, as provided by statute; that at no subsequent state of the proceeding was plaintiff assigned counsel, informed of his right to have counsel, or asked if he desired counsel." The clerk's minutes and also a transcript of the court reporter's stenographic notes of what transpired upon the arraignment are set forth above. In the clerk's minutes it is stated:—"Criminal Information read by State's Attorney Walter O. Burk, charging

373

the defendant with the crime of grand larceny. Defendant enters his plea of guilty to the charge of grand larceny." There seems to be no doubt as to the charge of grand larceny to which the defendant entered a plea of guilty. The offense charged in the criminal information was not divided into degrees. The defendant's attention had been directed to the charge of grand larceny set forth in the information. The statute provides that every plea must be oral and entered upon the minutes of the court, and that if the defendant pleads guilty the plea be in "substantially" the following form:—"The defendant pleads that he is guilty of the offense charged in this information (or indictment)." ND Rev Code 1943, § 29–1419.

The plea as entered by the clerk seems to be in substantially the form prescribed by the law. In any event, it was within the jurisdiction of the trial judge to pass upon the sufficiency of the plea and "to construe its legal meaning, and if, in so doing, he erred," that "was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of habeas corpus." Re Eckart, 166 US 481, 482, 41 L ed 1085, 1086, 17 S Ct 638; Re Eckart, 85 Wis 681, 56 NW 375; State ex rel. Smith v. Lee, 53 ND 86, 205 NW 314. See also Re Northcott, 71 Cal App 281, 235 P 458; Re Passerello, 93 Cal App 443, 269 P 719; Reichert v. Turner, 62 ND 152, 242 NW 308, supra; Ryan v. Nygaard, 70 ND 687, 297 NW 694, supra.

It is further contended that Norman Nemmers "was deprived of his liberty without due process of law in violation of the Constitution of North Dakota and of the United States; that he was not granted the right of counsel to which he was entitled under said constitution; nor informed of such right; that he was not informed of his right to have witnesses attend in his behalf;" and "that at the time of said arraignment, petitioner was eighteen years old, and not in a position to know or judge irregularities in the proceedings; nor of his constitutional or statutory rights."

The constitution of this state provides:—

"In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have

the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law." ND Const § 13.

It is provided by statute:—

"In all criminal prosecutions the party accused shall have the right:

1. To appear and defend in person and with counsel;

2. To demand and be informed of the nature and cause of the accusation;

3. To meet the witnesses against him face to face;

4. To have the process of the court to compel the attendance of witnesses in his behalf; and

5. To a speedy and public trial, and by an impartial jury of the county in which the offense is alleged to have been committed or is triable, but subject to the right of the state to have a change of the place of trial for any of the causes for which the party accused may obtain the same." ND Rev Code 1943, § 29-0106.

The records in the criminal action and the proof submitted upon the hearing in the court below, and certified to this court by the trial judge pursuant to the order of this court, in our opinion fail to show that Nemmers was denied any rights guaranteed to him by the constitution or laws of this state or by the constitution of the United States. Nemmers was afforded a preliminary examination at which he was informed of his constitutional and statutory rights. When he appeared in the district court he stated that he knew he was entitled to be represented by counsel; that he did not desire to be so represented; that he was ready to proceed; and that he desired to plead guilty to the offense charged against him. There is nothing to indicate that the action of the defendant was influenced by any threats or promises or was other than voluntary. Nemmers had entered his plea of guilty on January 24. Upon the hearing in the court below his attorney offered and there was received in evidence a transcript of a hearing had before the trial judge on January

31, 1946. According to the transcript the hearing was had in open court with the officers of the court present. There seems to be some contention that this hearing infringed upon the legal rights of Nemmers. We do not agree. Nemmers had entered a plea of guilty and the court had deferred the passing of sentence.

"Where the defendant pleads guilty to an indictment or information, the court, if it accepts the plea and has discretion as to the punishment for the offense, may hear witnesses to determine what punishment shall be imposed." ND Rev Code 1943, § 29–1418.

The hearing concerned itself with details of the crime charged against Nemmers in the information, and to which he had pleaded guilty, and the conduct of Nemmers, his work, and his associates. The court had a wide discretion in determining the punishment to be inflicted upon the defendant. Under our laws "grand larceny is punishable by imprisonment in the county jail for not less than three months or in the penitentiary for not more than ten years, or by a fine of not less than five hundred dollars nor more than one thousand dollars, or by both such fine and imprisonment." ND Rev Code 1943, § 12–4004.

The court had the power to sentence for a definite term or to impose a sentence for an indeterminate term. ND Rev Code, 1943, § 12–0607.

The court had power to suspend the execution of the sentence imposed. ND Rev Code 1943, § 12–5301.

The court also had power, "instead of entering judgment" of conviction against Nemmers "if in its judgment" Nemmers was "a proper subject therefor," to "direct an order entered in the minutes of the court that such person (Nemmers) be committed to the state training school until such person (Nemmers) attains the age of twenty-one years." ND Rev Code 1943, § 12–4613.

On a date subsequent to the hearing, namely, on March 11, 1946 the trial court made its determination not to enter judgment of conviction against Nemmers, but instead to commit him to the State Training School pursuant to the provisions of ND Rev Code 1943, § 12–4613. The records in the criminal action

against Norman Nemmers, presented to the trial court upon the hearing of the writ of habeas corpus and the proof adduced upon such hearing, show that Nemmers was not denied, or deprived of, any right guaranteed to him by the constitution and laws of this state or guaranteed to him by the constitution of the United States, and that he is legally detained in custody by L. G. Thompson, as the superintendent of the State Training School, by virtue of a final order of a "competent court of criminal jurisdiction" and by virtue of a commitment issued upon such order, and hence "is not entitled to relief from imprisonment or restraint under a writ of habeas corpus." ND Rev Code 1943, § 32–2202.

Accordingly, it is ordered that a writ issue out of this court directing the Honorable L. C. Broderick, judge of the District Court of Morton County, to enter an order that the said Norman Nemmers is not entitled to his discharge, and that he be remanded to the custody of L. G. Thompson, superintendent of the State Training School, for detention in such training school pursuant to the commitment under which he is being held.

BURR, NUESSLE, BURKE and MORRIS, JJ., concur.